UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HUNTER, D.V.M., individually and as class representative for all others similarly situated; and HOWARD ELEY, individually and as class representative for all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, in his individual and official capacity; JAN SCULLY, SACRAMENTO DISTRICT ATTORNEY, in her individual and official capacity; OFFICE OF THE DISTRICT ATTORNEY COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; and WILLIAM KEVIN SOWLES, in his individual capacity, and DOES 1 through 100, <br><br> Defendants. | 2:06-cv-0457-GEB-PAN(JFM) <br><br> ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE AND RULE 4(m) NOTICE |

      The March 6, 2006, Order Setting Status (Pretrial Scheduling) Conference ("March 6 Order") scheduled a status conference in this case for June 19, 2006, and required the parties to file a joint status report no later than fourteen days prior to the status conference.  The Order further required that a status report be filed

1

regardless of whether a joint report could be procured.[1]

On June 5, 2006, pursuant to the March 6 Order, Defendants County of Sacramento Sheriff's Department, Sheriff Lou Blanas, Sacramento County District Attorney Jan Scully, Office of the District Attorney County of Sacramento, and the County of Sacramento ("Defendants") filed a status report and declaration from defense counsel, in which defense counsel attests he attempted to communicate with Plaintiffs' counsel prior to the deadline for submitting the joint status report, but received no response. Defendants' June 5 status report also reflects that it is unknown whether Defendant William Kevin Sowles has been served with the Complaint.

Plaintiffs are Ordered to Show Cause (OSC) in a writing to be filed no later than 4:00 p.m. on June 21, 2006, why sanctions should not be imposed against them and/or counsel under Rule 16(f) of the Federal Rules of Civil Procedure for the failure to file a timely status report. The written response shall state whether Plaintiffs or counsel are at fault and whether a hearing is requested on the OSC.[2]

---

[1]   As the Order states:

>   The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

March 6 Order at 2 n. 1.

[2]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the

(continued...)

If a hearing is requested, it will be held on September 11, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. In accordance with the requirements set forth in the March 6 Order, the parties are to file a joint status report no later than August 28, 2006.

If Defendant Sowles is not served by July 3, 2006, said defendant could be dismissed from this action under Federal Rule of Civil Procedure 4(m). Accordingly, if Plaintiffs do not effectuate service on Defendant Sowles by July 3, 2006, Plaintiffs are ordered to show cause no later than 4:00 p.m. on July 17, 2006, why Defendant Sowles should not be dismissed from this action for Plaintiffs' failure to serve said Defendant within the 120-day time period prescribed by Rule 4(m).

IT IS SO ORDERED.

Dated: June 7, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

²(...continued)
faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).