```
                   IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| ROBERT E. HUNTER, D.V.M., individually, and as a class representative for all others similarly situated; HOWARD ELEY, individually, and as a class representative for all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, in his individual and official capacity; JAN SCULLY, SACRAMENTO COUNTY DISTRICT ATTORNEY; OFFICE OF THE DISTRICT ATTORNEY COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO; WILLIAM KEVIN SOWLES, in his individual capacity; DOES 1 through 100,<br><br>    Defendants. | 02:06-cv-0457-GEB-PAN(JFM)<br><br><br>ORDER[*] |

    Defendants Sacramento County Sheriff's Department (the "Department"), Sheriff Lou Blanas ("Blanas"), Sacramento County

---

[*] These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h). Plaintiffs' "counter-motion" contained in their opposition to Defendants' motion was taken off calendar by a minute order on June 7, 2006, since it was not properly noticed.

1

1  District Attorney Jan Scully ("Scully"), Sacramento County District
2  Attorney's Office (the "Office"), and County of Sacramento (the
3  "County") (collectively referred to as "Defendants") move to dismiss
4  Plaintiffs' First Amended Complaint ("Amended Complaint") under
5  Federal Rule of Civil Procedure 12(b)(6), or in the alternative,
6  request a more definite statement under Rule 12(e).  Further,
7  Defendants move to strike numerous paragraphs from the Amended
8  Complaint under Rule 12(f).  Plaintiffs oppose the motion to dismiss
9  and motion for a more definite statement, but did not oppose the
10 motion to strike.
11       Plaintiffs' Amended Complaint alleges six claims.
12       In the first claim, brought under 42 U.S.C. § 1983 ("section
13 1983"), Plaintiff Robert E. Hunter, D.V.M. ("Hunter") alleges several
14 unknown deputies "subjected [him] to unreasonable and excessive force"
15 while he was detained at the "[Sacramento County] Main Jail main detox
16 holding center."  (Am. Compl. ¶¶ 33, 41.)  Specifically, Hunter
17 alleges "several unknown doe Deputy defendants, for no reason, applied
18 excessive force to [him] causing excessive 'popping' sounds [to]
19 emanat[e] from his body, fracturing his elbow, causing nerve damage to
20 his wrist, severe contusions to his legs, tearing and stretching
21 tendons in his extremities, . . . and setting in motion events which
22 forced [him] to fear for his life and safety."  (Id. ¶ 35.)  Hunter
23 further alleges that "[d]uring the time [he] was being subjected to
24 unreasonable and excessive force, Defendants, and each of them,
25 ratified the conduct of the other Defendant."  (Id. ¶ 41.)
26       In the second claim, brought under section 1983, Plaintiff
27 Howard Eley ("Eley") alleges that while incarcerated at the Sacramento
28 County Main Jail, Defendant William Kevin Sowles ("Sowles") "subjected

2

[him] to unreasonable and excessive force" by using a "control hold[]" on him "as a form of punishment" in accordance with "Sheriff's Department policy."  (Id. ¶¶ 55, 56, 61.)

The third claim, a purported class action brought under section 1983, which incorporates all prior allegations contained in the Amended Complaint, alleges the Department, the County, and Blanas in his official and individual capacities "are liable because of their ratification, policy and custom of encouraging, tolerating, permitting, and ratifying a pattern of illegal and excessive use of force [at the Sacramento County Main Jail]."  (Id. ¶ 199.)

The fourth claim, a purported class action brought under section 1983, which incorporates all prior allegations contained in the Amended Complaint, alleges the Department, the County, and Blanas in his official and individual capacities "deliberately violated the 'liberty interest' of each and every person who was arrested and was not allowed to make a phone call no later than three hours after arrest because the phone [in the detox cell] was in-operative or [those arrested] were summarily beaten or verbally threatened [when they asked to make a phone call]."  (Id. ¶ 221, 227.)

The fifth claim, a purported class action brought under section 1983, which incorporates all prior allegations contained in the Amended Complaint, alleges the Department, the County, the Office, and Blanas and Scully in their official and individual capacities "selectively charged and/or prosecuted [Plaintiffs] because they are not peace officers employed by the county . . . ."  (Id. ¶ 252.)

The sixth claim, a purported class action brought under 42 U.S.C. section 1985 ("section 1985"), which incorporates all prior allegations contained in the Amended Complaint, alleges the

1  Department, the County, the Office, and Blanas and Scully in their
2  official and individual capacities "conspired against . . . Plaintiffs
3  because they have been selectively charged and/or prosecuted because
4  they are not peace officers employed by the county . . . ." (Id. ¶
5  258.)

## DISCUSSION

### I. Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Therefore, the plaintiff is given the benefit of every reasonable inference that can be drawn from the well-pled allegations of the complaint. Retail Clerks Int'l Ass'n v. Shermahorn, 373 U.S. 746, 753 n.6 (1963). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "A complaint may be dismissed [under Rule 12(b)(6)] for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

### A. Standing

Defendants seek dismissal of the third and fifth claims, arguing Hunter and Eley lack standing to bring them. (Defs.' Mot. to Dismiss ("Defs.' Mot.") at 9.) The third claim purports to be a class claim for excessive force against the Department, the County, and Blanas in his official and individual capacities. The fifth claim is

1  entitled "Selective [E]nforcement and [P]rosecution" and also purports
2  to be a class action. (Am. Compl. at 30.)
3         Standing is a concept "drawn directly from Article III,
4  Section 2 of the Constitution[,] . . . [and it] goes to the very heart
5  of a court's subject matter jurisdiction." In re Franklin Mut. Funds
6  Fee Litig., 388 F. Supp. 2d 451, 460 (D.N.J. 2005) (citation omitted).
7  "It determines whether the court has jurisdiction to resolve a dispute
8  on the merits.  Standing may not be assumed; . . . [it] is a threshold
9  inquiry, not a mere hurdle that can be cleared [by alleging injuries
10 to a class of plaintiffs]." Id. (citations omitted).
11         To establish standing a plaintiff must show: "(1) [he] has
12 suffered an "injury in fact" that is (a) concrete and particularized
13 and (b) actual or imminent, not conjectural or hypothetical; (2) the
14 injury is fairly traceable to the challenged action of the defendant;
15 and (3) it is likely, as opposed to merely speculative, that the
16 injury will be redressed by a favorable decision." Friends of the
17 Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81
18 (2000).  Even when a claim is purportedly a class claim, the "named
19 plaintiffs who represent a class 'must allege and show that they
20 personally have been injured, not that injury has been suffered by
21 other, unidentified members of the class to which they belong and
22 which they purport to represent.'" Lewis v. Casey, 518 U.S. 343, 357
23 (1996) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40
24 n.20 (1976)).  Accordingly, to establish standing to bring a purported
25 class claim, "at least one named plaintiff must have standing in his
26 own right to assert a claim against each named defendant . . . ."
27 Henry v. Circus Circus Casinos, Inc., 223 F.R.D. 541, 544 (D. Nev.
28 2004).

### 1. Third Claim

While the third claim does not identify a particular injury suffered by either Hunter or Eley, it does incorporate by reference all previous allegations in the Amended Complaint including the first and second claims which allege Hunter and Eley were injured by the use of excessive force. Those alleged injuries, however, must be fairly traceable to the actions of the Department, the County, and Blanas in order for either Hunter or Eley to have standing to bring the third claim.

Hunter's injury is attributed to Doe Defendants who acted in accordance with the County's policy. (Am. Compl. ¶¶ 24, 35.) The Department and Blanas allegedly ratified this policy of excessive force at the Sacramento County Main Jail. (See e.g., id. ¶¶ 192, 194, 197, 199.) Taking these allegations as true, Hunter has individual standing to assert a claim against the Department, the County, and Blanas for excessive force. As such, Hunter has standing to "represent a class claim against th[ose] defendant[s]" for excessive force. Henry, 223 F.R.D. at 544.

Eley's injury is attributed to the actions Sowles took when following the Department's policy "of using control holds as a form of punishment." (Am. Compl. ¶¶ 56, 61.) The County and Blanas allegedly ratified this policy. (See e.g., id. ¶¶ 194, 199, 208.) Taking these allegations as true, Eley has individual standing to assert a claim against the Department, the County, and Blanas for excessive force. As such, Eley has standing to "represent a class claim against th[ose] defendant[s]" for excessive force. Henry, 223 F.R.D. at 544.

6

1    Since Hunter and Eley have standing to assert the third
2 claim against each named defendant, Defendants' motion to dismiss the
3 third claim is denied.

    2. <u>Fifth Claim</u>

5    Defendants argue Hunter and Eley lack standing to assert the
6 fifth claim because neither of them has alleged a cognizable injury.
7 (Defs.' Mot. at 9.)  The fifth claim of the Amended Complaint is
8 entitled "Selective [E]nforcement and [P]rosecution."  (Am. Compl. at
9 30.)  To state a cognizable injury for selective enforcement and/or
10 prosecution, a plaintiff must allege "(1) that others similarly
11 situated generally have not been prosecuted for conduct similar to
12 that for which they were prosecuted, and (2) that their selection was
13 based on an impermissible ground such as race, religion or their
14 exercise of their first amendment right to free speech."  <u>Am. Baptist
15 Churches in the U.S.A. v. Meese</u>, 712 F. Supp. 756, 762 (N.D. Cal.
16 1989) (citation and quotation marks omitted).

17    The Amended Complaint is devoid of any allegation that
18 either Hunter or Eley was selected based on an impermissible ground.
19 Rather, Plaintiffs only allege similarly situated law enforcement
20 officials were not selected because of their status as county
21 employees. (Am. Compl. ¶ 225.)  Since neither Hunter nor Eley allege
22 he was selected based on an impermissible ground, they both lack
23 standing to assert the fifth claim.  Therefore, Defendants' motion to
24 dismiss the fifth claim is granted.

25    Furthermore, since Hunter and Eley both lack standing to
26 bring a claim for selective enforcement and/or prosecution, they may
27 not maintain the sixth claim which alleges a conspiracy to selectively

7

1  charge and/or prosecute Plaintiffs.  Accordingly, the sixth claim is
2  also dismissed for lack of standing.
3        B.    Sufficiency of the Pleadings
4              1.    All Class Claims
5        Defendants also seek dismissal of claims three and four,
6  arguing "they fail to meet the basic prerequisites set out in [Rule]
7  23[(a) and (b)] . . . ."  (Defs.' Mot. at 13.)
8        "Generally, a defendant can attack the merits of a proposed
9  class's claim in a motion to dismiss even before the plaintiff moves
10 for class certification.  However, if the defendant chooses to attack
11 a proposed class's ability to meet the prerequisites of [Rule] 23(a)
12 or (b), the defendant should do so by opposing the plaintiff's motion
13 for class certification."  Uyeda v. J.A. Cambece Law Office, 2005 WL
14 1168421, *5 (N.D. Cal. May 16, 2005).  Accordingly, the merits of
15 Defendants' argument attacking Plaintiffs' ability to satisfy the
16 prerequisites of Rule 23(a) and (b) are not decided, since Defendants
17 have not shown these issues need to be reached before Plaintiffs move
18 for class certification.  See id. at *6.
19             2.    First and Second Claims
20       Defendants seek dismissal of the first and second claims,
21 arguing they "fail[] to identify the constitutional right" allegedly
22 violated.  (Defs.' Mot. at 7.)  The claims, however, state Hunter and
23 Eley were "subjected to unreasonable and excessive force."  (Am.
24 Compl. ¶¶ 41, 61.)  This allegation is sufficient to provide
25 Defendants with notice of the constitutional right allegedly violated.
26 Accordingly, Defendants' motion to dismiss the first and second claims
27 is denied.
28 ////

3. Third Claim

Defendants also seek dismissal of the third claim, arguing it "does not specifically identify which conduct by which defendant violated which right." (Defs.' Mot. at 8.) While the third claim does raise a generalized claim for excessive force, it fails to set forth "a short and plain statement of the claim showing that [Plaintiffs] are entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a). Therefore, Defendants' motion for a more definite statement is granted as to the third claim. Plaintiffs are required to plead in more definite terms the allegedly wrongful action of each defendant named in the third claim and what right that action violated which would entitle Plaintiffs to relief. Accordingly, Defendants' motion to dismiss the third claim is denied.

4. Fourth Claim

The Department and the County also seek dismissal of the fourth claim, arguing the claim does not allege any individual acted in conformity with a "custom, policy, or practice" and therefore no basis has been asserted for a claim of municipal liability against them. (Defs.' Mot. at 8.) Further, Blanas seeks dismissal of the fourth claim insofar as it is brought against him in his individual capacity, arguing Plaintiffs have "failed to state facts sufficient to allege [an] affirmative link" between any alleged injury and an action taken by him. (Defs.' Mot. at 13.)

a. Against the Department and the County

A plaintiff's section 1983 claim alleging municipal liability will survive a motion to dismiss "even if the claim is based on nothing more than a bare allegation that [an] individual['s] conduct conformed to official policy, custom, or practice." Shah v.

9

1  County of L.A.,797 F.2d 743, 747 (9th Cir. 1986).  An allegation "that
2  a municipality itself violated someone's rights or that it directed
3  its employee to do so" is sufficient to meet this minimum pleading
4  requirement.  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185
5  (9th Cir. 2002).

6  Here, Plaintiffs' allege in the fourth claim that Defendants
7  "deliberately violated the 'liberty interest' of each and every person
8  who was arrested and was not allowed to make a phone call . . .
9  because the phone [in the detox cell] was in-operative or [those
10 arrested] were summarily beaten or verbally threatened [when they
11 asked to make a phone call]."  (Am. Compl. ¶ 221 (emphasis added).)
12 The claim further alleges "[t]he Department . . . deliberately
13 violated [the liberty interests of Plaintiffs by] deliberately
14 turn[ing] off [the phone in the detox cell]."  (Id. ¶ 227 (emphasis
15 added).)  These allegations sufficiently articulate an official
16 policy, custom, or practice of the Department and the County to
17 support a municipal liability claim against them.  Therefore, this
18 portion of the dismissal motion is denied.

19             b.   Against Blanas in his Individual Capacity
20 Under section 1983, "supervisory officials are not liable
21 for actions of subordinates on any theory of vicarious liability."
22 Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citation
23 omitted).  But, "liability is imposed against a supervisory official
24 in his individual capacity for his . . . acquiescence in the
25 constitutional deprivations of which the complaint is made, or for
26 conduct that showed a reckless or callous indifference to the rights
27 of others."  Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th Cir.
28 2005) (citation omitted).  The fourth claim does not allege any link,

even acquiescence or indifference, between the alleged violation of Plaintiffs' "liberty interest" in making a phone call and any conduct on the part of Blanas.  Therefore, the motion to dismiss the fourth claim is granted as to Blanas in his individual capacity.

    C.    <u>Eleventh Amendment Immunity</u>

Blanas seeks dismissal of all damage claims against him in his official capacity, arguing in a conclusory manner he was a state actor entitled to Eleventh Amendment immunity.[1]  (Defs.' Mot. at 12.)  This conclusory motion is denied.

II.    <u>Motion for a More Definite Statement</u>

Defendants argue Plaintiffs should be required to provide a more definite statement of each of their claims "to enable [Defendants] to formulate a response."  (Mot. at 2.)  Plaintiffs argue they have "plead[ed] sufficient facts" to defeat Defendants' motion.  (Pls.' Opp'n Defs.' Mot. at 4.)

A Rule 12(e) motion for a more definite statement may be made where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  The motion must point out "the defects complained of and the details desired."  <u>Id.</u>  "[A] motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) [which provides that] a [c]omplaint need only be a 'short and plain statement of the claim showing that the pleader is entitled to relief . . . .'"  <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (citations omitted).

---

[1] Since the fifth and sixth claims have been dismissed, the Court need not address the argument of Scully and the Office that those claims should be dismissed as to them based on Eleventh Amendment immunity.

11

1   Apart from the third claim, Defendants identify one alleged
2 defect in the remaining claims pled by Plaintiffs: the first and
3 second claims fail to identify the constitutional rights allegedly
4 violated. (Mot. at 7.) As discussed in relation to the motion to
5 dismiss, the first and second claims sufficiently allege what
6 constitutional right was violated. Therefore, those claims allege
7 sufficient facts for Defendants to frame a responsive pleading.
8 Accordingly, Defendants' motion for a more definite statement is
9 granted as to the third claim and denied in all other respects.
10 III. Motion to Strike
11   Defendants argue numerous paragraphs of the Amended
12 Complaint should be stricken under Rule 12(f) because they are "wholly
13 unrelated to the injuries alleged by [Plaintiffs]." (Defs.' Mot. at
14 5.) Plaintiffs raised no opposition to Defendants' motion to strike.
15   Plaintiffs were warned in the Order Setting Status (Pretrial
16 Scheduling) Conference filed March 6, 2006, that failure to oppose a
17 motion "may be deemed consent to the granting of the motion and the
18 Court may dispose of the motion summarily." While the motion to
19 strike is unopposed, it would be inappropriate to strike all the
20 paragraphs Defendants request. First, Defendants request to strike
21 certain paragraphs is mooted by the dismissal of the fifth and sixth
22 claims. Second, only "redundant, immaterial, impertinent, or
23 scandalous matter" is subject to a Rule 12(f) motion to strike. Fed.
24 R. Civ. P. 12(f).
25   Accordingly, Defendants' motion is granted in part;
26 paragraphs 4-10, 37-40, 60, 74, 91-94, 100-104, 106-146, 152-171, 175-
27 191, and subparagraphs 5 and 7-19 of paragraph 208 are struck from the
28 Amended Complaint.

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted in part and denied in part: the fifth and sixth claims are dismissed, and the fourth claim is dismissed as to Blanas in his individual capacity. Further, Defendants' motion for a more definite statement is granted as to the third claim, and Defendants' motion to strike is granted in part.

Plaintiffs are granted leave to file a Second Amended Complaint, which cures the deficiencies identified herein, within fifteen days of the date on which this Order is filed.

IT IS SO ORDERED.

Dated:  August 4, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge