IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT E. HUNTER, D.V.M., individually, and as a class representative for all others similarly situated; HOWARD ELEY, individually, and as a class representative for all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, in his individual and official capacity; COUNTY OF SACRAMENTO; and WILLIAM KEVIN SOWLES, in his individual capacity; Does 1 through 100,<br><br>　　　　　　Defendants. | 2:06-cv-0457-GEB-EFB<br><br><br><br>ORDER[*] |

　　　　Defendants move to dismiss from this action Jan Scully ("Scully") in her individual and official capacity and Lou Blanas ("Blanas") in his individual capacity. (Mem. of P. & A. ("P. & A.") at 3-7.)  Defendants move to strike Plaintiffs' claims: (1) against

---

　　　[*]　　This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

Blanas in his official capacity; (2) regarding the Lybarger issue; (3) regarding an incomplete audit of the Sheriff's Department; and (4) irrelevant and immaterial paragraphs. (P. & A. at 8-11.) Plaintiffs' concede that Jan Scully has previously been dismissed, (Pls.' Opp'n at 3), and oppose Defendants' remaining motions, (Pls.' Opp'n at 4-9).

BACKGROUND

Plaintiffs claim Defendants used excessive force against them while they were detained at the Sacramento County Main Jail ("main jail") and raise various claims under 42 U.S.C. § 1983 ("section 1983"). (Second Am. Compl. ¶¶ 24-28; 45, 48.) Plaintiff Robert E. Hunter, D.V.M. ("Hunter") alleges in the first claim that several unknown deputies "subjected [him] to unreasonable and excessive force" while he was detained at the main jail detox holding center. (Id. ¶¶ 26, 30.) In the second claim, Plaintiff Howard Eley ("Eley") alleges that "Defendant Sowles assaulted and battered [him] in a main jail classroom." (Id. ¶ 46.) Plaintiffs' third cause of action is a class action claim that Defendants ratified the use of excessive force. (Id. ¶ 134.) Plaintiffs' fourth cause of action, another class action claim, alleges Defendants "have deliberately violated the 'liberty interest' of each and every person who has been arrested and was not allowed to make a phone call." (Id. ¶ 159.)

DISCUSSION

I. Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[1] all material allegations in the complaint are accepted as true and construed in the light most favorable to the

---

[1] All subsequent references to Rules are to the Federal Rules of Civil Procedure.

plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that [Plaintiff] can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

### A. Jan Scully

Defendants argue that Scully should be dismissed as a defendant in this action. (P. & A. at 3-5.) Plaintiffs state that Scully was removed as a party in the Second Amended Complaint and that Plaintiffs are no longer pursuing an action against her. (Pls.' Opp'n at 3.) Paragraph 16 is the only paragraph in the Second Amended Complaint that mentions Scully, and Plaintiffs do not object to paragraph 16 being stricken. (Pls.' Opp'n at 1.) Therefore, paragraph 16 is stricken.

### B. Blanas as an Individual

Defendants assert there are insufficient factual allegations connecting Blanas in his individual capacity to direct involvement with or approval of unconstitutional conduct. (P. & A. at 5.) Plaintiffs respond that the Second Amended Complaint is "replete with facts of Blanas' culpability." (Pls.' Opp'n at 4.)

Under section 1983, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citation omitted). However, "liability is imposed against a supervisory

1 official in his individual capacity for his . . . acquiescence in the
2 constitutional deprivations of which the complaint is made, or for
3 conduct that showed a reckless or callous indifference to the rights
4 of others." Menotti v. City of Seattle, 409 F.3d 1113, 1149 (9th
5 Cir. 2005) (citation omitted).
6   The third cause of action alleges, inter alia, that Blanas
7 "reviews obvious excessive force on video tape, and sanctions its use
8 by failing to take corrective action, or knowingly accepts false
9 statements and reports in an attempt to conceal excessive force or
10 cruel and unusual punishment at the main jail," "allow[s] unauthorized
11 techniques to be deployed," and "refus[es] to supply information,
12 delay[s] information, or employ[s] practices that otherwise hindered
13 the investigation of excessive force . . . ." (Id. ¶¶ 98, 103, 116).
14 These factual allegations, viewed in the light most favorable to
15 Plaintiffs, allege a sufficient link between Blanas and the use of
16 excessive force at the main jail.  Therefore, Defendants' motion to
17 dismiss Blanas as a Defendant in his individual capacity from the
18 third cause of action is denied.
19   In addition, the fourth cause of action alleges, inter alia,
20 that Blanas "knew, or should have known, that arrestees['] are
21 deprived of their right to make three phone calls, but instead,
22 ratified and/or instituted a policy of non-compliance with arrestees
23 liberty interests," and "[t]he failure to allow arrestees to make
24 their liberty interest phone calls was an intentional and deliberate
25 act by Blanas' policy for the main jail," (Id. ¶¶ 155, 156).  These
26 factual allegations, viewed in the light most favorable to Plaintiffs,
27 allege a sufficient link between Blanas and the deprivation of
28 Plaintiffs' liberty interest.  Therefore, Defendants' motion to

4

dismiss Blanas as a Defendant in his individual capacity from the fourth cause of action is denied.

II. Motion to Strike

Rule 12(f) states a "court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties." Doe v. Regents of the Univ. of Cal., 2006 U.S. Dist. LEXIS 65035, at *9-10 (E.D. Cal. August 28, 2006). "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." Id. at *10.

A. Blanas in his Official Capacity

Defendants argue that allegations against Blanas in his official capacity should be stricken because he is a state actor and therefore, not a person under section 1983. (P. & A. at 8.) Plaintiffs respond by asserting that Blanas is only being sued for injunctive relief in his official capacity and therefore, he is a person under section 1983. (Pls.' Opp'n at 6.)

The Supreme Court has stated that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (citation omitted). Since Plaintiffs are seeking only injunctive relief, this claim will not be stricken.

However, Blanas is no longer the Sheriff of Sacramento County. (Defs.' Reply at 4.) "When a public officer is a party to an action in his official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d)(1). Therefore, Plaintiffs' official capacity claims are now against Sheriff John McGinness since he is substituted as a party in place of Blanas.

### B.  Lybarger

Defendants move to strike paragraphs 116-120 of Plaintiffs' Second Amended Complaint. (P. & A. at 10)  These paragraphs allege that Defendants improperly insulate all correctional officers from liability for their actions by misusing the Lybarger procedure. (Second Am. Compl. ¶¶ 119-120.)

The Lybarger procedure requires public entities, before compelling employees to give a statement, to give certain employees assurance that the statements given by these employees during internal investigations will not be used against the employees in a criminal proceeding. Lybarger v. City of Los Angeles, 40 Cal.3d 822 (1985) ("Lybarger"). Plaintiffs allege in paragraphs 119-120 that Defendants give Lybarger admonitions to all potential employee witnesses, instead of only the suspected officers, and that this creates immunity for the officers. (Second Am. Compl. ¶¶ 119-120.)

Lybarger admonitions merely assure witnesses that their statements will not be used against them in a criminal proceeding; the admonitions neither grant witnesses immunity from civil liability nor grant witnesses immunity from criminal prosecution. See Lybarger, 40 Cal.3d at 826 (stating that the purpose of the admonitions was to

1  ensure "any statements [the employee] chose to make under the
2  compulsion or threat of such discipline could not be used against [the
3  employee] in any subsequent criminal proceeding").  Therefore,
4  Plaintiffs' allegations in paragraphs 119-120 are not pertinent to the
5  claim that Defendants' use of the Lybarger procedure infringes on
6  Plaintiffs' rights.  Defendants' motion to strike paragraphs 119-120
7  is granted.
8          Paragraphs 116-118 of Plaintiffs' Second Amended Complaint
9  allege that Defendants refused to disclose the results of internal
10 investigations, where Lybarger admonitions were given, when required
11 to do so by law.  (Second Am. Compl. ¶¶ 116-118.)  This allegation is
12 not based on Defendants' use of the Lybarger procedure, instead it is
13 based on Defendants' alleged hindrance of investigations into
14 complaints of excessive force used at the main jail.  (Id.)
15 Defendants' motion to strike paragraphs 116-118 is denied.
16   C.  Incomplete Audit
17         Defendants move to strike allegations in paragraphs 88-96
18 regarding an incomplete audit performed at the main jail.  (P. & A. at
19 11.)  Defendants argue since the audit was performed by a third party
20 and there are no allegations that the incomplete report was a result
21 of Defendants' actions, these paragraphs should be stricken.  (Id.)
22 Plaintiffs argue that Defendants' inaction in the face of the
23 incomplete report can form the basis of a section 1983 claim.  (Pls.'
24 Opp'n at 9.)
25         "A person 'subjects' another to the deprivation of a
26 constitutional right, within the meaning of section 1983, if he . . .
27 omits to perform an act which he is legally required to do that causes
28 the deprivation of which complaint is made."  Johnson v. Duffy, 588

7

F.2d 740, 743 (9th Cir. 1978). Since Plaintiffs have not alleged that Defendants were legally required to ensure a complete audit was performed, Defendants' motion to strike paragraphs 88-96 is granted.

### D. Immaterial/Irrelevant

Defendants move to strike paragraphs 64-76, 82-84, and 109 of Plaintiffs' Second Amended Complaint on the basis of immateriality or irrelevancy. (P. & A. at 11.) Defendants moved to strike most of these paragraphs before and this motion was denied. (Order, August 7, 2006 at 12. The remaining paragraphs are not immaterial or irrelevant to Plaintiffs' claims, and therefore, Defendants' motion to strike these paragraphs is denied.

### E. Sheriff's Department/Office of the District of the County

Defendants move to strike the Sacramento County Sheriff's Department and the Office of the District Attorney of the County of Sacramento as separate defendants because they are not properly named. (P. & A. at 2.) The County of Sacramento is a named Defendant in this action. (Second Am. Compl. at 1-2.) Both the Sheriff's Department and the Office of the District are County agencies. "The County is a proper defendant in a § 1983 claim, an agency of the County is not." Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Defendants' motion to strike these parties is granted.

### CONCLUSION

Defendants' motion to dismiss Blanas in his individual capacity is denied and Sheriff John McGinness is substituted in place of Blanas where official capacity claims are alleged. Defendants' motion to strike paragraphs 64-76, 82-84, 109, and 116-118 is denied.

/////

/////

1  Defendants' motion to strike paragraphs 16, 88-96 and 119-120 is
2  granted.
3          IT IS SO ORDERED.
4  Dated:  September 29, 2006

6                                   /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge