IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT E. HUNTER, D.V.M., individually and as class representative for all others similarly situated; HOWARD ELEY individually, and as class representative for all others similarly situated, | ) ) ) ) ) ) ) ) | |
| | ) | 2:06-cv-0457-GEB-EFB |
| Plaintiffs, | ) ) | |
| v. | ) ) | STATUS (PRETRIAL SCHEDULING) ORDER |
| | ) | |
| COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, in his individual and official capacity; COUNTY OF SACRAMENTO; WILLIAM KEVIN SOWLES, in his individual capacity; and DOES 1 through 100, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

A status (pretrial scheduling) conference was scheduled in this case on November 20, 2006.  The joint status report submitted by the parties, however, obviated the need for the conference and the Court makes the following order based on the parties' joint status report and the earliest dates available on the Court's calendar.

1

SERVICE OF PROCESS AND FED. R. CIV. P. 4(m) NOTICE

All defendants have been served with the exception of William Kevin Sowles ("Sowles").

Plaintiffs are hereby notified that Sowles may be dismissed as a named defendant in this action under Fed. R. Civ. P. 4(m) if he is not served on or before December 20, 2006.  To avoid dismissal, no later than 2:00 p.m. on December 21, 2006, Plaintiffs shall file either proof of service or, if Plaintiffs believe they have good cause to justify extension of the time to serve Sowles, a declaration showing "good cause" why the action should not be dismissed without prejudice because of Plaintiffs' failure to make service on Sowles within the initial 120-day period.  A perfunctory response that fails to show good cause for the failure could result in dismissal of the action.

No further service is permitted in this action, except with leave of Court, good cause having been shown.

SERVICE OF STATUS ORDER

If Sowles is served within the time period prescribed by Rule 4(m), concurrently with the service of process, Sowles shall be served with a copy of this Order.

Sowles has thirty days after said service within which to file a "Notice of Proposed Modification of Status Order."  A hearing on the Notice will be scheduled, if necessary.  Sowles' proposed modification filed within this thirty day period will not have to meet the good cause standard.

/////

/////

/////

1    <u>JOINDER OF ADDITIONAL PARTIES/AMENDMENT</u>[1]

2    No further joinder of parties or amendments to pleadings is

3    permitted except with leave of Court, good cause having been shown.

4    <u>DISCOVERY</u>[2]

5    All discovery shall be completed by April 16, 2008.  In this

6    context, "completed" means that all discovery shall have been

7    conducted so that all depositions have been taken and any disputes

8    relative to discovery shall have been resolved by appropriate orders,

9    if necessary, and, where discovery has been ordered, the order has

10   been complied with or, alternatively, the time allowed for such

11   compliance shall have expired.[3]

12   _____

13   [1]    Plaintiffs' statement in the JSR that they "anticipate joinder
     of individual officers once identified" is too imprecise to except the
14   referenced possible amendment from the "good cause" standard. "Parties
     anticipating possible amendments . . . have an 'unflagging obligation'
15   to alert the Rule 16 scheduling judge of the . . . timing of such
     anticipated amendments in their status reports so that the judge can
16   consider whether such amendments may properly be sought solely under the
     Rule 15(a) standard, and whether structuring discovery pertinent to the
17   parties' decision whether to amend is feasible." <u>Jackson v. Laureate,</u>
     <u>Inc.</u>, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citation omitted).
18
     [2]    In the JSR, "Plaintiff requests double the amount of
19   interrogatories . . . and two separate entity . . . Person Most
     Knowledgeable depositions . . . [and] 20 additional hours for the second
20   . . . deposition . . . due to the complexity and class nature of this
     case." (JSR at 3-4.)  Plaintiffs state that "[t]hese modified discovery
21   procedures  . . . will expedite the case, and reduce costs by taking
     unnecessary depositions." (JSR at 4.)  It is unclear what Plaintiffs
22   mean by "unnecessary depositions" and how requesting additional
     discovery will reduce costs.  A request to modify discovery requirements
23   shall be directed to the Magistrate Judge assigned to this case, <u>see</u>
     <u>infra</u> note 3, and shall be determined according to Federal Rule of Civil
24   Procedure 26(b)(2), not the good cause standard of Federal Rule of Civil
     Procedure 16(b).
25
     [3]    The parties are advised that the Magistrate Judges in the
26   Eastern District are responsible for resolving discovery disputes.  <u>See</u>
     Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
27   discovery-related matters to the Magistrate Judge assigned to this case.
                                                           (continued...)

28

3

1    Each party shall comply with Federal Rule of Civil Procedure

2  26(a)(2)'s initial expert witness disclosure and report requirements

3  on or before November 16, 2007, and with the rebuttal expert

4  disclosures authorized under the Rule on or before December 17, 2007.

5                          CLASS CERTIFICATION

6    In the JSR, "Defendants request that the court set a motion

7  date for class certification, to be heard prior to January 31, 2007."

8  (JSR at 4.)  Plaintiffs did not indicate their position on this

9  request.  Rule 23 (c)(1)(A) of the Federal Rules of Civil Procedure

10  states that "the court must – as early as practicable – determine by

11  order whether to certify the action as a class action."  Since

12  Plaintiffs have not shown that the date requested by Defendants is not

13  "as early as practicable," Plaintiffs shall notice their motion for

14  class certification for hearing on either February 5, 2007, or an

15  earlier available regular law and motion date.[4]

16                        MOTION HEARING SCHEDULE

17    The last hearing date for motions shall be June 16, 2008, at

18  9:00 a.m.[5]

19    Motions shall be filed in accordance with Local Rule 78-

20  230(b).  Opposition papers shall be filed in accordance with Local

21  Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed</u>

22  <u>consent to the motion and the Court may dispose of the motion</u>

23  _____

24  [3](...continued)
   A party conducting discovery near the discovery "completion" date runs

25  the risk of losing the opportunity to have a judge resolve discovery
   motions pursuant to the Local Rules.

26
   [4]    January 31, 2007, is not a regular law and motion date.

27
   [5]    This time deadline does not apply to motions for continuances,

28  temporary restraining orders, emergency applications, or motions under
   Rule 16(e) of the Federal Rules of Civil Procedure.

4

<u>summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
Further, failure to timely oppose a summary judgment motion may result
in the granting of that motion if the movant shifts the burden to the
nonmovant to demonstrate a genuine issue of material fact remains for
trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

Absent highly unusual circumstances, reconsideration of a
motion is appropriate only where:

(1)  The Court is presented with newly discovered evidence
that could not reasonably have been discovered prior to the filing of
the party's motion or opposition papers;

(2)  The Court committed clear error or the initial decision
was manifestly unjust; or

(3)  There is an intervening change in controlling law.
A motion for reconsideration based on newly discovered evidence shall
set forth, in detail, the reason why said evidence could not
reasonably have been discovered prior to the filing of the party's
motion or opposition papers.  Motions for reconsideration shall comply
with Local Rule 78-230(k) in all other respects.

The parties are cautioned that an untimely motion
characterized as a motion in limine may be summarily denied.  A motion
in limine addresses the admissibility of evidence.

FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for August 11, 2008, at
1:30 p.m.  The parties are cautioned that the lead attorney who WILL
TRY THE CASE for each party shall attend the final pretrial
conference.  In addition, all persons representing themselves and
appearing <u>in propria persona</u> must attend the pretrial conference.

1       The parties are warned that <u>non-trialworthy issues could be</u>

2 <u>eliminated *sua sponte*</u> "[i]f the pretrial conference discloses that no

3 material facts are in dispute and that the undisputed facts entitle

4 one of the parties to judgment as a matter of law." <u>Portsmouth Square</u>

5 <u>v. Shareholders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985).

6       The parties shall file a <u>JOINT</u> pretrial statement with the

7 Court not later than seven (7) days prior to the final pretrial

8 conference.[6]  The joint pretrial statement shall specify the issues

9 for trial.  The Court uses the parties' joint pretrial statement to

10 prepare its final pretrial order and could issue the final pretrial

11 order without holding the scheduled final pretrial conference. <u>See</u>

12 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no

13 requirement that the court hold a pretrial conference.").  The final

14 pretrial order supersedes the pleadings and controls the facts and

15 issues which may be presented at trial.  Issues asserted in pleadings

16 which are not preserved for trial in the final pretrial order cannot

17 be raised at trial. <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,

18 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the

19 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>

20 <u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an

21 issue omitted from the pretrial order is waived, even if it appeared

22 in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283

23 (D.D.C. 1995) (refusing to modify the pretrial order to allow

24

---

25     [6]  The failure of one or more of the parties to participate in
26 the preparation of any joint document required to be filed in this case
  does not excuse the other parties from their obligation to timely file
27 the document in accordance with this Order.  In the event a party fails
  to participate as ordered, the party or parties timely submitting the
28 document shall include a declaration explaining why they were unable to
  obtain the cooperation of the other party.

1  assertion of a previously-pled statute of limitations defense);

2  Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984)

3  (indicating that "[a]ny factual contention, legal contention, any

4  claim for relief or defense in whole or in part, or affirmative matter

5  not set forth in [the pretrial statement] shall be deemed . . .

6  withdrawn, notwithstanding the contentions of any pleadings or other

7  papers previously filed [in the action]").

8          If possible, at the time of filing the joint pretrial

9  statement counsel shall also email it in a format compatible with

10  WordPerfect to: geborders@caed.uscourts.gov.

11                          TRIAL SETTING

12          Trial is set for November 4, 2008, commencing at 9:00 a.m.

13                          MISCELLANEOUS

14          The parties are reminded that pursuant to Federal Rule of

15  Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall**

16  **not be modified except by leave of Court upon a showing of good cause.**

17  **Counsel are cautioned that a mere stipulation by itself to change**

18  **dates does not constitute good cause.**

19          IT IS SO ORDERED.

20  Dated:  November 17, 2006

21

22  _____
    GARLAND E. BURRELL, JR.

23  United States District Judge

24

25

26

27

28