IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT E. HUNTER, D.V.M.;  HOWARD ELEY, | ) ) | 2:06-cv-00457-GEB-EFB |
| Plaintiffs, | ) ) ) | <u>FINAL PRETRIAL ORDER</u> |
| v. | ) ) | |
| COUNTY OF SACRAMENTO; and SHERIFF JOHN MCGINNIS in his official capacity, | ) ) ) ) ) | |
| Defendants.[1] | ) ) | |

A final pretrial conference was held on September 22, 2008.  Gary Gorski appeared on behalf of the Plaintiffs; Tom Cregger appeared on behalf of the Defendants.

The parties agreed that a jury will decide the Fourth Amendment excessive force claims, but dispute whether viable injunctive relief claims exist; the parties took opposite positions

---

[1]    Caption has been modified to reflect summary judgment ruling filed on September 5, 2008.

on whether a judge or jury decide any factual issue applicable to
any viable injunctive relief claim.

## I.   DISPUTED EVIDENTIARY ISSUES

Any evidentiary dispute capable of being resolved in
limine shall be set forth in an in limine motion which shall be
filed no later than 4:30 p.m. on October 14, 2008.  An opposition
or a non-opposition statement to any filed in limine motion shall
be filed no later than 4:30 p.m. on October 21, 2008.  *Failure to
state a basis for admissibility or non-admissibility of disputed
evidence constitutes a waiver or abandonment of that basis*.

## II.   TRIAL BRIEFS

Trial briefs shall be filed with the Court no later than
fifteen (15) court days prior to the date on which trial commences.
All legal positions briefed in the trial brief(s) shall be
supported with case and applicable statutory authority.  **Each trial
brief must include "a summary of points of law, including
reasonably anticipated disputes concerning admissibility of
evidence, legal arguments, and citations of authority in support
thereof" (Local Rule 16-285(a)(3)) and shall address the viability
of the injunctive relief claims.**

## III.   WITNESSES[2]

A.   Plaintiff anticipates calling the witnesses listed on
the Plaintiffs' Amended Witness List.

B.   Defendant anticipates calling the witnesses listed on
the Defendants' Witness List.

---

[2]   This portion of the Order does not affect the parties'
obligations to timely comply with witness disclosure requirements
provided in the Federal Rules of Civil Procedure, the Local Rules,
or by Order of this Court.

1      C.   Each party may call a witness designated by the
2 other.

3      D.   No person, other than those named on these witness
4 lists, will be permitted to testify unless:

5           (1) The party offering the witness demonstrates that
6 the witness is for the purpose of rebutting evidence which could
7 not reasonably be anticipated at the pretrial conference; or

8           (2) The witness was discovered after the pretrial
9 conference and the proffering party makes the showing required in
10 "E", below.

11      E.   If a witness is discovered after the pretrial
12 conference, counsel for the party offering the witness shall
13 promptly inform the Court and opposing parties of the existence of
14 the unlisted witness so that the Court may consider at trial
15 whether the witness shall be permitted to testify.  The witness
16 will be not be permitted to testify unless:

17           (1) The witness could not reasonably have been
18 discovered prior to pretrial;

19           (2) The Court and opposing counsel were promptly
20 notified upon discovery of the witness;

21           (3) If time permitted, counsel offered the witness
22 for deposition; and

23           (4) If time did not permit, a reasonable summary of
24 the witness' testimony was provided to opposing counsel.

25 / / /

26 / / /

27 / / /

28 / / /

IV.   <u>EXHIBITS</u>[3]

   A.   Plaintiff anticipates offering the exhibits listed on Plaintiffs' Exhibit List.

   B.   Defendant anticipates offering the exhibits listed on Defendants' Exhibit List to the JPS.

   C.   No other exhibits will be permitted to be introduced unless:

      (1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

      (2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "D", below.

   D.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

      (1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

      (2) The Court and counsel were promptly informed of the exhibit's existence; and

      (3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be

_____

      [3]   This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

1  copied, that the offering counsel has made the exhibit reasonably
2  available for inspection by opposing counsel.

3          E.   Plaintiff's exhibits shall be numbered and marked
4  with colored stickers provided by the Court while Defendant's
5  exhibits shall be designated by alphabetical letter also marked
6  with colored stickers provided by the Court.  To obtain stickers,
7  parties should contact the Clerk of Court at (916) 930-4000.

8          The parties are directed to exchange with each other, at
9  least ten (10) court days prior to the date on which trial
10 commences, copies of all of their respective exhibits, marked with
11 exhibit stickers provided by the Court.  Within five (5) court days
12 after receipt of the exhibits, each party shall file with the Court
13 and serve upon opposing counsel objections, if any, to the
14 exhibits, referencing the exhibits as marked by exhibit sticker and
15 specifying the basis for each objection.  Failure to exchange
16 exhibits as ordered could result in the exhibit not being used at
17 trial and/or the imposition of sanctions.  The failure to make
18 objections in the manner prescribed by this section shall
19 constitute a waiver of objections.  A party seeking to admit into
20 evidence an exhibit to which no objection was made must identify
21 said exhibit for the record and then move it into evidence.

22         Counsel shall produce all exhibits to the Clerk's Office
23 no later than 4:00 p.m. on the Friday before the date on which
24 trial is scheduled to commence.  At that time, the parties shall
25 also furnish the Court with a copy of each exhibit, unless the
26 exhibit is physically incapable of being reproduced.  Failure to
27 produce exhibits as ordered could result in waiver of the right to
28 offer those exhibits.  Each party submitting exhibits shall furnish

a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

V.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before the trial commencement date, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

VI.  <u>FURTHER DISCOVERY OR MOTIONS</u>

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement. However, any such agreement will not be enforceable in this Court.

/ / /

VII.   <u>SETTLEMENT NEGOTIATIONS</u>

No settlement conference is scheduled in this matter.  If the parties believe that a settlement conference would be productive and facilitate resolution of this case, the parties may contact the Court.  If the Court schedules a settlement conference at the request of the parties, each party would be directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party would have to submit a settlement conference statement directly to the chambers of the settlement judge, five (5) court days prior to the settlement conference. Such statements would not have to be filed with the clerk nor served on opposing counsel.  However, each would be required to notify the other party or parties that the statement was submitted to the judge's chambers.

VIII.   <u>JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS</u>

A.   Counsel are directed to confer and to attempt to agree upon a joint set of jury instructions and verdict forms.

B.   All instructions, both general and specific, shall be submitted in the exact numerical order counsel desires them given to the jury and shall be tailored to the facts and issues in suit.

The joint set of instructions and verdict forms shall be filed fifteen (15) court days prior to the trial commencement date. As to instructions on which there is dispute, the parties shall adhere to the following procedure:  1) the party offering the disputed instruction(s) shall submit the instruction(s) as its proposed jury instructions, shall submit authority in support of

1  the proposed instruction(s) and shall number the disputed
2  instruction(s) in a manner that shows where each disputed
3  instruction should be placed in the tendered agreed upon
4  instructions.  The contested instruction(s) and supporting
5  authority shall be filed with the joint set of instructions fifteen
6  (15) court days prior to the trial commencement date; 2) the party
7  opposed to the contested instruction(s) shall file opposing
8  authority ten (10) court days prior to the trial commencement date.
9       C.   All instructions shall be, to the extent possible,
10  concise, understandable, and _neutral_ statements of law.  They shall
11  be prepared in accordance with Local Rule 51-163.  Ninth Circuit
12  Pattern Instructions are preferred.
13       D.   It is the parties' responsibility to ensure that
14  jury instructions are submitted on all issues preserved for trial
15  in accordance with the schedule set forth above.  Pursuant to Local
16  Rule 51-163, instructions not presented in accordance with this
17  Order will be refused unless it is shown either (1) that the
18  necessity for the request arose in the course of trial; the
19  instructions could not reasonably have been anticipated prior to
20  trial; and the request for such additional instructions is
21  presented to the Court as promptly as possible; or (2) that the
22  refusal to give such instructions would constitute manifest
23  injustice under Rule 16(e).
24       E.   Most of the examination of prospective jurors is
25  conducted by the Judge.  The parties are directed to meet and
26  confer and attempt to agree upon a joint set of proposed voir dire
27  questions.  Voir dire questions shall be filed with the Court
28  fifteen (15) court days prior to the trial commencement date.

Each side is granted fifteen (15) minutes to conduct voir dire following the Court's examination of prospective jurors.

        F.   The parties shall attempt to agree on a verdict form.  Proposed verdict forms shall be filed fifteen (15) court days prior to the trial commencement date.  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided.

        At the time of electronically filing the jury instructions and verdict forms, counsel shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury instructions, and the joint verdict forms to the Court by email to geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).

                IX.   PROPOSED FINDINGS AND CONCLUSIONS

    Each party shall submit proposed prevailing party findings and conclusions five (5) court days before the trial commencement date.  FAILURE TO DO SO DISMISSES, WAIVES, OR ABANDONS THAT ISSUE, CLAIM OR DEFENSE.  The parties may supplement timely-submitted proposed findings and conclusions as trial progresses, up until closing arguments.

                X.   USE OF STRUCK JURY SELECTION SYSTEM

        Eight jurors will be impaneled.  The "struck jury" system will be used to select the jury.[4]  At the beginning of the voir

---

    [4]   As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors
                                          (continued...)

1  dire process, approximately eighteen prospective jurors, randomly

2  selected by the Jury Administrator, will be seated for voir dire.

3  The order of the jurors' random selection is reflected by the order

4  in which they will be seated.   The first randomly selected juror

5  will be in jury seat number one, which is at the extreme right-hand

6  side of the jury box in the top row as the jury box is viewed from

7  the well of the courtroom.   The eighth juror will be in the eighth

8  seat.   The ninth selected juror will occupy the seat located at the

9  extreme right-hand side of the jury box in the bottom row.   The

10  fifteenth seat will be in the left-hand side of that row.   Three

11  chairs will be placed in front of the jury box.   The sixteenth

12  juror will occupy the seat on the right and the eighteenth juror

13  will occupy the seat on the left.   The first eight jurors on a

14  list, which shall be given to counsel, will constitute the petit

15  jury unless one or more of those eight is excused for some reason.

16  Assuming that the first and fifth jurors on the list are excused,

17  the second listed juror becomes the first, and the other jurors'

18  numbers are changed accordingly, with the ninth juror on the list

19  becoming seventh on the list; however, the jurors continue to be

20  identified by their original numbers.

21                 XI.   ATTORNEYS FEES

22         The parties are referred to Local Rule 54-293 concerning

23  the post-trial procedure for seeking an award of attorney's fees.

24  / / /

25  / / /

26  _____

27         [4](...continued)
   from the group.  Typically extra jurors are included in the select

28  group in the event the minimum amount of jurors required for the
   "struck system" is reduced "for cause" or some other reason.

## XII.   <u>TRIAL DATE</u>

Trial to a jury will commence on November 4, 2008.  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has thirty (30) minutes within which to make an opening statement to the jury and one hundred twenty (120) minutes within which to make a closing argument. Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  September 24, 2008

GARLAND E. BURRELL, JR.
United States District Judge