UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HUNTER, D.V.M., individually and as class representative for all others similarly situated; HOWARD ELEY, individually and as class representative for all others similarly situated,<br><br>            Plaintiffs,<br><br>     v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT; SHERIFF LOU BLANAS, in his individual and official capacity; COUNTY OF SACRAMENTO; OFFICE OF THE DISTRICT ATTORNEY; JAN SCULLY; WILLIAM KEVIN SOWLES; SHERIFF JOHN MCGINNESS,<br><br>            Defendants. | 2:06-cv-00457-GEB-EFB<br><br><u>ORDER ADDRESSING<br>MOTIONS IN LIMINE</u> |

          Motions in limine were filed October 14, 2008: Plaintiffs filed two motions and Defendants filed fourteen motions. Oppositions were filed October 20, 2008.  The Final Pretrial Order prescribes when motions in limine were to be filed and that "*Failure to state a basis for admissibility or non-admissibility of*

1

*disputed evidence constitutes a waiver or abandonment of that basis."* The motions are addressed below.

I. Plaintiffs' Motions in Limine

1. Plaintiffs move in motion number 1 to strike their attorney from "Plaintiff's Witness list," but then argue that Defendants have identified Plaintiffs' attorney Gary Gorski as a witness. Plaintiffs' attorney Gary Gorski is not listed as a witness on "Plaintiff's Witness list," so the motion is construed as a motion to strike attorney Gary Gorski from Defendants' witness list, and so construed, is granted.

2. Plaintiffs move in motion number 2 for an order excluding "Defendants' experts," because expert witness reports were not provided; and, for an order preventing all defense witnesses from giving an opinion on "use of force." Defendants respond that Plaintiffs' position on the listed expert witnesses is contrary to the Ninth Circuit decision in <u>Torres v. City of Los Angeles</u>, 540 F.3d 1031, 1047 (9th Cir. 2008), in which the Ninth Circuit stated "not all expert witnesses must provide an expert report." Therefore, this portion of Plaintiffs' motion has not been shown it should be granted. The remainder of the motion is unclear. Therefore, the motion is denied.

II. Defendants' Motions in Limine

1. Defendants' motions numbers 1-4 have not been presented in a sufficient manner for a ruling and are therefore denied.

2. Defendants move under Federal Rules of Evidence 402 and 403 in motion number 5 to exclude deputy District Attorney Al Locher's testimony. Defendants argue this witness's proposed

2

1 testimony concerns the response of deputy sheriffs to a riot in the
2 jailhouse in December 2005, which was instigated by a number of
3 inmates who clogged toilets on a floor of the jailhouse and refused
4 to obey officers' orders to cease disruptive activity.  Defendants
5 contend the force used to quell that riot is not similar to what is
6 at issue in Plaintiffs' lawsuit.  During the December 2005 riot,
7 "flash bang" grenades were used in six cells to extract inmates
8 from their cells.  Defendants explain the grenade is "designed to
9 briefly stun and disorient but not cause injury."
10          Plaintiffs argue Locher's "opinion is germane to the
11 issue . . . whether the Department condones excessive force."  But
12 Plaintiffs have not shown that the nature of force used in
13 responding to the December 2005 riot has more than marginal
14 probative value on the issues being tried.  Since the circumstances
15 involved with the force used in December 2005 to extract rioting
16 recalcitrant prisoners from jail cells are different from the
17 circumstances concerning use of force at issue in Plaintiffs'
18 lawsuit, and the marginal probative value of this evidence is
19 substantially outweighed by Rule 403 considerations of possibly
20 misleading the jury on the force at issue and wasting time trying
21 use of force in response to a riot in the jailhouse, this evidence
22 is excluded.
23          Plaintiffs also respond that Locher's opinion has
24 probative value on the issue whether the Sheriff Department impeded
25 the District Attorney's investigation of whether criminal charges
26 should be filed against certain officers because of the force used
27 to extract rioting prisoners from jail cells.  Defendants state the
28 District Attorney commented in a report, presumably issued on

3

1 whether certain officers were subject to criminal liability for
2 force use during the December 2005 riot, that "they felt" the
3 investigation was "impeded" "by the Sheriff Department officials'
4 assertion of the privilege afforded under state law in <u>Lybarger v.
5 City of Los Angeles</u>,40 Cal.3d 822 (1985)."  Defendants explain
6 <u>Lybarger</u> is a case concerning whether statements given by a public
7 employee may be used against the employee in any subsequent
8 criminal proceeding.  Plaintiffs respond that Locher "can explain
9 <u>Lybarger</u> and other discovery issues."
10         But the discovery issues involved with investigation of
11 the December 2005 cell extractions have not been shown to have
12 probative value on what is being tried in this action.  Therefore,
13 the evidence is excluded under Rule 403 considerations that it
14 could needless prolong the trial and could confuse the jury about
15 what is being tried.  For the stated reasons, Defendants motion
16 number 5 is granted.
17         3.   Defendants' motion number 6 has not been presented
18 in a sufficient manner for a ruling and is therefore denied.
19         4.   Defendants seek in motion number 7 to exclude an
20 audit conducted by Joseph Brann & Associates, The Brann Final
21 Report, and related minutes/payment/budget issues for said audit
22 (Plaintiff's Exhibits S, PPP, QQQ), arguing this evidence is
23 inadmissible under Federal Rules of Evidence 401, 402, 403 and 407.
24 Plaintiffs respond the "Auditors refuse[d] to address the issue of
25 excessive force."  Plaintiffs have not shown how the audit evidence
26 has probative value on an issue being tried.  Therefore, in light
27 of Rule 403 considerations, including the concern that the evidence
28

could confuse the jury about the issues being tried, and waste time trying insignificant issues, this motion is granted.

     5. Defendants' motions numbers 8-14 have not been presented in a sufficient manner for a ruling and are therefore denied.

Dated: October 24, 2008

                                  GARLAND E. BURRELL, JR.
                                  United States District Judge