IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HUNTER, D.V.M.; and HOWARD ELEY,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SACRAMENTO,<br><br>        Defendant. | 2:06-cv-00457-GEB-EFB<br><br>ORDER* |

On November 24, 2008, Plaintiffs filed a motion for a new trial arguing error was committed when part of Exhibit A, which was admitted into evidence, was not provided to the jury during its deliberations; and, when the Court failed to instruct the jury exactly as Plaintiffs requested. Defendant opposes the motion.

The argument concerning Exhibit A is unpersuasive. Counsel were expected to ensure that all admitted exhibits were given to the jury by inspecting the exhibits before the courtroom deputy clerk gave them to the jury. However, Plaintiffs' motion reveals counsel failed

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  to ensure all portions of Exhibit A were given to the jury.  The
2  record reveals that during jury deliberations the jury sent a note
3  concerning Exhibit A, the content of which was disclosed to counsel
4  for each party so they could suggest an appropriate response.  The
5  portion of the transcript involving the note follows.

>     THE COURT: I just received a note from the jury.
>     The record shall reflect I'm conducting a
>     telephonic conference call. It's 10:35 a.m., and
>     today's date is November 13th.  The time on the
>     note that I just received from the jury is
>     10:25, and it's as follows:
>     "Is the handwritten document that was presented
>     (on the overhead projector) by the plaintiffs'
>     attorney available as evidence? We can't locate it
>     in the binder." And then it's signed by the
>     foreperson.
>     Who is speaking?
>     MR. GORSKI: Gorski, Your Honor. That's part of
>     Exhibit A, the defendant's exhibit binder.
>     MR. CREGGER: Judge, the only thing I can think of
>     is that it's the claim -- the initial complaint
>     made to internal affairs, which was handwritten.
>     If that's the case, it is in Exhibit A. I'm just
>     curious, I -- you know, when they say
>     the handwritten document, I don't recall any
>     others, but there may have been.
>     MR. GORSKI: That was the only one.
>     THE COURT: Mr. Gorski, you need to say your last
>     name first so the record is clear.
>     MR. GORSKI: Gorski. Sorry, Your Honor.
>     The handwritten document they're talking about
>     that was on the overhead projector was the
>     internal affairs complaint. It was filled out by
>     me and sent in to internal affairs. It must be the
>     one they're talking about. And it's part of
>     Exhibit A. There is actually two copies of it in
>     there, one with a sticky note and one without.
>     MR. CREGGER: Cregger. I agree it's in Exhibit A,
>     if that's the document they're asking about.
>     THE COURT: Do you have a proposed response?
>     MR. CREGGER: I think the proposed response should
>     be this, so we clarify what it is they're asking
>     about, "If you're referring to the complaint made
>     to internal affairs on behalf of plaintiff Hunter,
>     it is in Exhibit A."
>     MR. GORSKI: And if it's not we can just bring them
>     a copy.
>     THE COURT: Well, I'm not inclined to tell the jury
>     that something is in Exhibit A if it's not in
>     Exhibit A.

| | |
|---|---|
| 1 | MR. GORSKI: It should have been, Your Honor, that's the whole point. It was part of Exhibit A. And the copy I was using on the overhead projector was mine that was printed off from the CD Exhibit A, and that's all that is. And so it should be in there as part of Exhibit A. |

        MR. GORSKI: It should have been, Your Honor, that's the whole point. It was part of Exhibit A. And the copy I was using on the overhead projector was mine that was printed off from the CD Exhibit A, and that's all that is. And so it should be in there as part of Exhibit A.
        THE COURT: Should I respond by saying, "The parties think the document you reference is part of Exhibit A"?
        MR. CREGGER: I think that's an appropriate response, Your Honor. If for some reason it didn't make it into the exhibit, it should have. I mean, as far as I recall, it was there. For the record, this is Cregger.
        MR. GORSKI: I agree, Your Honor. This is Gorski.
        THE COURT: But when you say "I agree," do you agree that I should write on the note, "Response: The parties think the document you referenced is part of Exhibit A"?
        MR. GORSKI: Correct.
        MR. CREGGER: Yes, Your Honor.
        THE COURT: Thank you. Good-by.

        Plaintiffs' counsel declares: "The Court ruled that the hand written note, if not in the exhibit binder, though part of Exhibit 'A', would not be permitted in the jury room."  However, the transcript concerning the jury's note does not support this averment. The transcript reveals the Court's response to the jury's note did not foreclose the document being given to the jury upon further inquiry. Moreover, since Plaintiffs' counsel agreed with the response given to the jury, and did not object to it at the time, Plaintiffs have waived basing their new trial motion on this response.  Accordingly, this portion of Plaintiffs' motion is denied.

        Plaintiffs' challenge to the jury instructions given at trial is based on a one sentence conclusory argument which assumes Plaintiffs' proposed instructions were not considered before the jury instructions were finalized.  This argument is also unpersuasive. "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and

1 | are not misleading."  <u>Duran v. City of Maywood</u>, 221 F.3d 1127, 1130
2 | (9th Cir. 2000).  "The instructions must allow the jury to determine
3 | the issues presented intelligently."  <u>Fikes v. Cleghorn</u>, 47 F.3d 1011,
4 | 1013 (9th Cir. 1995).  Since Plaintiffs have not shown that the
5 | instructions given failed to "fairly and adequately cover the issues"
6 | tried, this portion of the motion is also denied.
7 |       Therefore, Plaintiffs' motion for a new trial is denied.
8 | Dated:  January 8, 2009

                                               _____
                                               GARLAND E. BURRELL, JR.
                                               United States District Judge