IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. HUNTER, D.V.M.; and
HOWARD ELEY,                           )    2:06-cv-00457-GEB-EFB
                                       )
              Plaintiffs,              )
                                       )    TRIUAL DOCUMENTS
         v.                            )
                                       )
COUNTY OF SACRAMENTO; SHERIFF          )
SCOTT JONES, in his official           )
capacity,                              )
                                       )
              Defendants.              )
_____)

Attached are the Court's proposed voir dire, preliminary jury instructions, closing jury instructions, and verdict forms. Any proposed modifications should be submitted as soon as practicable.

Since Plaintiffs' Fourth Amendment excessive force claims against Sheriff Scott Jones are in his official capacity only, the attached documents reference the County of Sacramento as the only defendant. Naming Defendant Jones in the jury instructions and verdict forms would be redundant and potentially confusing to the jury. See Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.").

The closing jury instructions include an instruction (Closing Instruction No. 8), which sets forth the parties' undisputed facts as stated in their Joint Final Pretrial Statement. (See ECF No. 71, 2:3-

1

15.) The closing jury instructions (Closing Instruction No. 10) also include a definition of "practice or custom," which includes language from Defendants' Proposed Instruction on Monell liability (ECF No. 152); the Ninth Circuit's Model Civil Jury Instruction No. 9.4, as modified in January of 2012; and Plaintiffs' Objections and Modifications to Court Proposed Jury Instructions, Proposed Special Instruction No. 9 (ECF No. 105).

Further, the liability instruction (Closing Instruction No. 9) does not include actual injury as an element, and an instruction concerning nominal damages (Closing Instruction No. 13) has been added since "[t]he law of [the Ninth C]ircuit entitles a plaintiff to an award of nominal damages if the defendant violated the plaintiff[s'] constitutional right[s] . . . even if the plaintiff[s] suffered no actual damage." Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir. 1993) (citing Floyd v. Laws, 929 F.2d 1390, 1401 n.9 (9th Cir. 1991)). "Under Fourth Amendment jurisprudence, the law is well settled that a plaintiff may recover nominal damages without proof of actual injury for unreasonable intrusions on one's bodily integrity." Headwaters Forest Def. v. Cnty. of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001) (internal quotation marks omitted), vacated and remanded on other grounds, 534 U.S. 801 (2001).

Dated:  February 13, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert E. Hunter, D.V.M.;      )
Howard Eley,                   )    2:06-cv-00457-GEB-AC
                               )
            Plaintiffs,        )
                               )    VOIR DIRE
        v.                     )
                               )
County of Sacramento,          )
                               )
            Defendant.         )
_____)

       Thank you for your presence and anticipated cooperation in the jury selection questioning process we are about to begin. This process concerns the right to a trial by jury, which is a right that the founders of this nation considered an important component of our constitutional system.

       The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. She is on the platform below me on my left side. Next to her is the Certified Court Reporter, [_____].

We are about to begin what is known as voir dire. The purpose of voir dire is to ascertain whether you can be a fair and impartial juror on this case. Near or at the end of the process, each party can use a certain amount of what are called peremptory challenges, which excuse a potential juror from sitting as a juror on this case. A potential juror can also be excused for other reasons.

1.    Ms. Furstenau, please administer the oath to the panel.

2.    Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that has been given to each party in the numerical sequence in which they were randomly selected. Each juror has been placed in his or her randomly-selected seat.

3.    I will ask a series of questions to the jurors as a group. If you have a response, please raise your hand or the number you've been given, which reflects your seat number. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the juror in the lowest numbered seat responding first. If no hand is raised, I will simply state "no response" for the record and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your name or your seat number, by stating your last

2

name or just your seat number, then your response. That should expedite the process.

4.    In this civil case, the parties dispute whether the plaintiffs were subjected to excessive force in violation of the Fourth Amendment while incarcerated at the Sacramento Main Jail. The parties also dispute whether the alleged use of excessive force against each Plaintiff was caused by a custom or practice of the County of Sacramento.

5.    Raise your hand if you have any knowledge of the facts or events in this case.

6.    Raise your hand if there is anything about the allegations which causes you to feel that you might not be a fair juror in this case.

7.    Raise your hand if there is any reason why you will not be able to give your full attention to this case.

8.    Raise your hand if you will not be able to decide this case based solely on the evidence presented at the trial.

9.    Raise your hand if you are opposed to judging a witness's credibility.

10.    Raise your hand if you would tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason.

11.    Raise your hand if you would tend not to believe

3

testimony of a witness just because that witness is a law enforcement officer and for no other reason.

12.   Raise your hand if you will not apply the law I will give you if you believe a different law should apply.

13.   The evidence and argument portion of the trial should be completed in approximately 4-5 court days, after which the case will be submitted to the jury for jury deliberation. We will be in trial on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to about 4:30 p.m. But as soon as you begin jury deliberation, you will be expected to deliberate every day, except weekends, from 9:00 a.m. to about 4:30 p.m. until you complete your deliberation.

If you cannot participate as a juror during these times, raise your hand.

14.   Would Plaintiffs' counsel introduce themselves, their clients, and indicate any witness that their clients may choose to call.

15.   Defendant's counsel now has the opportunity to do the same thing.

Raise your hand if you know or have had any interaction with any person just introduced or named.

16.   Raise your hand if you have ever served as a juror in the past.

State whether it was a civil or criminal case, and

4

state whether the jury reached a verdict, but do not state the actual verdict reached.

17.   Raise your hand if you, any member of your family, or any close friend has ever been employed by a law enforcement agency, including military law enforcement?

Could what you just stated have a bearing on your ability to be a fair and impartial juror in this case?

18.   Raise your hand if you, any member of your family, or any close friend has ever received any special training in law enforcement, criminal justice or corrections.

Could what you just stated have a bearing on your ability to be a fair and impartial juror in this case.

19.   Raise your hand if you have had any other experience or are aware of anything that could have a bearing on your ability to be a fair and impartial juror in this case.

20.   Now, I am going to ask you to put yourselves in the position of each lawyer and party in this case. Raise your hand if you have information that you think should be shared before each side is given an opportunity to exercise what are called peremptory challenges.

21.   The Courtroom Deputy Clerk will give juror number one a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you

answer the questions. The sheet asks you to state:

Your name and your educational background and the educational background of any person residing with you; and

Your present and former occupations and the present and former occupations of any person residing with you.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Robert E. Hunter, D.V.M.; | ) | |
| Howard Eley, | ) | 2:06-cv-00457-GEB-AC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | PRELIMINARY JURY |
| v. | ) | INSTRUCTIONS |
| | ) | |
| County of Sacramento, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Preliminary Instruction No. 1

Ladies and gentlemen:  You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer that I have an opinion regarding the evidence or what your verdict should be from these instructions or from anything I may say or do.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Preliminary Instruction No. 2


I am now going to give you jury admonitions that you must remember. When we take recesses, I may reference these admonitions by telling you to remember the admonitions or something similar to that. You are required to follow these admonitions whether or not I remind you to remember them:

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating

3

with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.

Third, if you need to communicate with me, simply give a signed note to my courtroom clerk, or to the court reporter if my courtroom clerk is not present, who will give it to me.

Preliminary Instruction No. 3


There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Preliminary Jury Instruction No. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

First, arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

Second, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

Third, testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; if I give a limiting instruction, you must follow it.

Fourth, anything you see or hear when the court is not in session is not evidence. You are to decide the case solely on the

6

evidence received at the trial.

Preliminary Instruction No. 5

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time during the trial you cannot hear what is said or see what is shown, let me know so that I can correct the problem.

Preliminary Instruction No. 6

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes shall be left on the seat on which you are seated.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Preliminary Instruction No. 7


From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Preliminary Instruction No. 8

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

Plaintiffs will then present evidence, and counsel for the Defendant may cross-examine. Then Defendant may present evidence, and counsel for the Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert E. Hunter, D.V.M.;    )
Howard Eley,                       )    2:06-cv-00457-GEB-AC
                                 )
            Plaintiffs,   )
                                 )    CLOSING JURY INSTRUCTIONS
        v.                 )
                                 )
County of Sacramento,       )
                                 )
            Defendant.    )
_____)

1

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the parties, it is my duty to instruct you on the law which applies to this case. Each of you is in possession of a copy of these jury instructions, which you may take into the jury room for your use if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.

Instruction No. 2


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Instruction No. 3


The evidence you are to consider in deciding what the facts are consists of:

the sworn testimony of any witness;

the exhibits that are received into evidence; and

any facts to which the parties have agreed.

Instruction No. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as a testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Instruction No. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

the opportunity and ability of the witness to see or hear or know the things testified to;

the witness's memory;

the witness's manner while testifying;

the witness's interest in the outcome of the case and any bias or prejudice;

whether other evidence contradicted the witness's testimony;

the reasonableness of the witness's testimony in light of all the evidence; and

any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Instruction No. 6


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 7

You shall decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

Instruction No. 8


The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved. The stipulated facts are as follows:

1.   On March 24, 2004, Plaintiff Howard Eley was an inmate at the Sacramento County Main Jail.

2.   On that day, Eley was involved in an altercation with former Sacramento County Sheriff Deputy William Sowles.

3.   Partially as a result of his involvement in the incident with Eley, Sowles was dismissed from the Sacramento County Sheriff's Department.

4.   On September 17, 2005, Plaintiff Robert Hunter was arrested for suspicion of driving under the influence and placed in custody at the Sacramento County Main Jail.

5.   All video tape of the main jail booking area and detox cell is missing for the night of September 17, 2005.

Instruction No. 9


Each Plaintiff alleges that the Defendant County of Sacramento violated his Fourth Amendment right against use of excessive force during his incarceration at the Sacramento Main Jail. To prevail on this claim, each Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

First, that one or more of Defendant's employees used excessive force against Plaintiff in violation of the Fourth Amendment of the United States Constitution;

Second, that in so doing, Defendant's employee or employees acted pursuant to a longstanding "practice or custom" of Defendant; and

Third, that Defendant's longstanding "practice or custom" was so closely related to the deprivation of Plaintiff's Fourth Amendment right that it was the moving force causing Plaintiff's ultimate injury.

Instruction No. 10

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the Defendant.

A practice or custom may be established by affirmative acts or by inaction on Defendant's part. For example, a "practice or custom" can be established by repeated constitutional violations that were not properly investigated and for which the violators were not disciplined, reprimanded, or punished.

Defendant may be liable for a practice or custom regardless of whether its official policy-makers had actual knowledge of the practice or custom at issue.

Instruction No. 11

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer under the circumstances and not with the 20/20 vision of hindsight.

In determining whether the officer or officers used excessive force in this case, consider all of the circumstances known to the officer(s), including:

The severity of the circumstances to which the officer(s) were responding;

Whether the Plaintiff posed an immediate threat to the safety of the officer(s) or to others;

Whether the Plaintiff was actively resisting the officer(s);

The amount of time and any changing circumstances during which the officer(s) had to determine the type and amount of force that appeared to be necessary;

The type and amount of force used; and

The availability of alternative methods to subdue the Plaintiff.

12

Instruction No. 12

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or both Plaintiffs on each Plaintiff's Fourth Amendment excessive force claim, you must determine that Plaintiff's damages. Each Plaintiff has the burden of proving his damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. You should consider the following:

The nature and extent of the injuries;

The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and service received to the present time; and

The reasonable value of earnings and business opportunities lost to the present time.

13

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Instruction No. 13


The law which applies to this case authorizes an award of nominal damages. If you find in favor of either Plaintiff on his Fourth Amendment excessive force claim, but you find that the Plaintiff failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Instruction No. 14

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 15


Verdict forms have been prepared for you. After you have reached unanimous agreement on the verdicts, your foreperson will fill in the forms that will be given to you, sign and date them and advise the United States Marshal's representative outside your door that you are ready to return to the courtroom.

Instruction No. 16


If it becomes necessary during your deliberations to communicate with me, you may send a note through the United States Marshal's representative, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Robert E. Hunter, D.V.M.; Howard Eley, | ) | 2:06-cv-00457-GEB-AC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | VERDICT FORM FOR ROBERT E. |
| v. | ) | HUNTER |
| | ) | |
| County of Sacramento, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————————————— | ) | |

WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE SUBMITTED QUESTIONS:

**Question No. 1:**   Does Plaintiff Robert Hunter prevail on his Fourth Amendment excessive force claim?

Answer:   _____ Yes        _____ No

*(If you answered "yes," continue to Question No. 2. If you answered "no," then proceed to the last page and sign, date and return this verdict form.)*

///

///

///

///

1

1         **Question No. 2:**    What amount of damages do you award to

2  Plaintiff Robert Hunter?

3        $ _____

4  *(Please date, sign and return this verdict.)*

5

6  Dated this _____ day of _____, 2013

7

8              _____

9                      JURY FOREPERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert E. Hunter, D.V.M.; Howard   )
Eley,                              )      2:06-cv-00457-GEB-AC
                                   )
          Plaintiffs,              )
                                   )      <u>VERDICT FORM FOR HOWARD ELEY</u>
     v.                            )
                                   )
County of Sacramento,              )
                                   )
          Defendant.               )
_____)

          WE THE JURY UNANIMOUSLY FIND THE FOLLOWING VERDICT ON THE

SUBMITTED QUESTIONS:


          **Question No. 1:**     Does Plaintiff Howard Eley prevail on his

Fourth Amendment excessive force claim?

          Answer:     _____ Yes          _____ No

*(If you answered "yes," continue to Question No. 2. If you answered*

*"no," then proceed to the last page and sign, date and return this*

*verdict form.)*

*///*

*///*

*///*

*///*

1

1        **Question No. 2:**    What amount of damages do you award to

2 Plaintiff Howard Eley?

3        $ _____

4 *(Please date, sign and return this verdict.)*

5

6 Dated this _____ day of _____, 2013

7

8                _____

9                         JURY FOREPERSON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28