IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. HUNTER, D.V.M.; and  )
HOWARD ELEY,                   )        2:06-cv-00457-GEB-EFB
                               )
            Plaintiffs,        )
                               )        ORDER ON MOTIONS IN LIMINE
        v.                     )
                               )
COUNTY OF SACRAMENTO; SHERIFF  )
SCOTT JONES, in his official   )
capacity,                      )
                               )
            Defendants.        )
_____)

On September 4, 2012, Defendants re-filed their Motions in Limine ("MIL") Nos. 1 through 14, which were initially filed in advance of the November 2008 trial. (ECF No. 145.) Those motions were previously ruled upon in an order filed October 24, 2008 (ECF No. 98), and Defendants have not shown why the October 24, 2008 order should be modified.[1]

Defendants have also filed multiple motions in limine since the action was originally scheduled for trial. These motions are addressed in turn below.

---

[1]     The Court notes that Defendants' Motion in Limine No. 4, which concerns the expert testimony of Plaintiffs' former use of force expert Tim Twomey is no longer at issue since Mr. Twomey is now deceased, and Plaintiff was given leave to disclose a new use of force expert.

**Motion in Limine No. 15[2]**

During the November 2008 trial, Defendants moved to exclude any mention of "a Section 1983 action [that was] recently filed against the County and individual deputies . . . [which] involves conduct alleged to have occurred during a vehicle stop, and does not involve the Main Jail." (Defs.' Supplemental MIL 1:18-23, ECF No. 111.) Defendants argue, "[w]hether the allegations are true, or not, they are sensationalistic, irrelevant[,] and hearsay." (Id. at 1:24-25.)

This motion is unopposed and is granted.

**Motion in Limine No. 16**

Defendants seek to preclude the testimony of Plaintiffs' prior use of force expert, Tim Twomey, "[w]hether [in] the form [of] prior depositions, declarations[,] or trial testimony . . . ." (Defs.' Supplemental MIL 2:2-4, 2:26-3:2, ECF No. 145-1.) Defendants argue: "[w]hile with his death, Twomey is unavailable under FRE 804(b)(1), where the unavailable witness is an expert, beyond unavailability, the offering party must also show that there is no other expert available who could otherwise offer testimony." (Id. at 2:4-6.)

This motion appears moot since Plaintiffs were given leave to disclose, and have disclosed, a new use of force expert. Therefore, this motion is denied.

**Motion in Limine No. 17**

Defendants seek to exclude any mention of "[t]he fact [that] the matter was tried previously, the appeal[, or the] result thereof" under Federal Rules of Evidence 402 and 403." (Id. at 3:12-13.)

This motion is unopposed and is granted.

---

[2]   For ease of reference, the Court continues the sequential numbering of Defendants' motions in limine, commencing at number 15.

**Motions in Limine No. 18-19[3]**

Defendants seek to exclude the expert testimony of Plaintiffs' use of force expert David Orsay arguing, *inter alia*, that he "is not an expert[, h]is supposedly specialized knowledge is not reliable," and his expected testimony "fails to satisfy any of the standards for expert testimony set forth in <u>Daubert</u> . . . , and is entirely lacking in intellectual rigor." (Defs.' MIL to Exclude Opinions of Pls.' Use-of-Force Expert 2:5-8, ECF No. 167.) Defendants further argue that "Mr. Orsay's opinions improperly invite the jury to substitute the expert's opinion for their own regarding a legal conclusion . . . ." (<u>Id.</u> at 6:12-13.)

These motions are not presented in a sufficient manner for an in limine ruling and are therefore denied.

**Motion in Limine No. 20**

Defendants seek to exclude the expert declaration of Plaintiff's former use of force expert, Tim Twomey, which is attached in its entirety to Mr. Orsay's expert declaration. (<u>Id.</u> at 6:22, 7:14-15.) Defendants also seek to exclude "every opinion expressed by Mr. Orsay, [which is] based on Mr. Twomney's opinion . . . ." (<u>Id.</u> at 7:14-16.) Defendants argue:

> Because Mr. Twomey is not available for cross-examination, his expert report is inadmissible[, and his declaration] cannot serve as the basis for Mr. Orsay's own opinions . . . because the Federal Rules of Evidence do not permit an expert to rely upon excerpts from opinions developed by another expert for the purposes of litigation.

(<u>Id.</u> at 6:23-27 (internal citation omitted).)

---

[3] Defendants incorrectly commence the numbering of their motions in limine filed on February 5, 2013, at number 17. Instead, this order continues the sequential numbering of Defendants' in limine motions at number 18.

Federal Rule of Evidence 703 provides in relevant part:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of . . . . If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Defendants have not shown that an expert witness may never rely upon information provided by another expert in forming his or her opinions. See e.g. Matter of James Wilson Assoc., 965 F.2d 160, 172-173 (7th Cir. 1992) ("The architect could use what the engineer told him to offer an opinion within the architect's domain of expertise, but he could not testify for the purpose of vouching for the truth of what the engineer had told him - of becoming in short the engineer's spokesman."); Villagomes v. Lab. Corp. of Am., No. 2:08-cv-00387-RLH-GWF, 2010 WL 4628085, at *4 (D. Nev. Nov. 8, 2010) ("A testifying expert may rely on the opinions of non-testifying experts as a foundation for the opinions within the testifying expert's field of expertise. Rule 703, however, is not a license for an expert witness to simply parrot the opinions of non-testifying experts."); Scott v. Ross, 140 F.3d 1275, 1286 (9th Cir. 1998) (affirming district court's decision to permit expert testimony based in part on "collaboration with other academics"). Further, it is unclear at this juncture how, and to what extent, Mr. Twomey's past work in this litigation may form the basis of Mr. Orsey's opinions. Therefore, this motion is denied.

**Motion in Limine No. 21**

Defendants seek to preclude Mr. Orsay from "offer[ing] testimony" on matters "other than the use of force[,] . . . includ[ing]: the existence of customs and practices at the Main Jail; adequacy of internal affairs investigations; supervision of correctional officers;

4

1  training of correctional officers; ratification of actions by Main Jail

2  management[,] and medical testimony on the effects of blunt force trauma

3  and compliance holds." (Defs.' MIL to Exclude Opinions of Pls.' Use-of-

4  Force Expert 7:20-27.) Defendants argue that Mr. Orsay was disclosed as

5  a "use of force expert[,]" and "[a]s such, he should not be allowed to

6  offer testimony in th[ese other] areas." (Id.)

7         Since it is unclear what evidence is involved in this motion,

8  it is DENIED. See Weiss v. La Suisse, Society D'Assurances Sur La Vie,

9  293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (denying motion to exclude

10  evidence for a "lack[] of specificity[,]" stating "[n]o particular

11  documents or testimony have been identified in the motion").

12  **Motion in Limine No. 22**

13         Defendants seek to prevent Mr. Orsay from "offer[ing] opinions

14  based upon materials he reviewed after he completed his declaration, to

15  include testimony from the previous trial." (Defs.' MIL to Exclude

16  Opinions of Pls.' Use-of-Force Expert 8:2-3.) Defendants argue:

17         The expert disclosure provisions of FRCP 26 require
        that the written report of a retained expert
18         contain all opinions the witness will express and
        the basis and reasons for them. Similarly, the
19         report must contain all data or other information
        relied upon. Mr. Orsay, however, reviewed
20         information in the form of transcripts from the
        prior trial after he submitted his declaration.
21         Such work does not comply with the requirements of
        FRCP 26[,] and he should not be allowed to offer
22         any opinions based on such reviews.

23  (Id. at 8:3-9 (internal citations omitted).)

24         Plaintiffs rejoin as follows:

25         It is true that Mr. Orsay reviewed trial
        transcripts after he submitted his report, but
26         before his deposition. However, the transcripts
        were first obtained by Mr. Gorski on or about
27         January 9, 2013. The key component of each
        transcript was the fact that each and every policy
28         making official and employee of the Defendant
        attested that the use of force in all videos was in

1   compliance with Department policy. Ergo, since Mr.
    Orsay opined that the use of force was excessive in
2   each video, the testimony confirmed Mr. Orsay's
    opinion that such force was condoned and the
3   departmental norm.

4       Mr. Orsay's production of the trial
    transcripts and ability to testify was consistent
5   with an offering party's ongoing duty to supplement
    an expert report, and Defendant is not prejudiced
6   by supplementation in light of its opportunity to
    question Mr. Orsay about the transcripts at his
7   deposition. . . .

8       In sum, Mr. Orsay's opinion has not changed[,]
    the transcripts are merely consistent in that
9   respect, and Mr. Orsay was prepared to testify as
    to the transcripts.

10

11  (Pls.' Opp'n to Defs.' MIL to Exclude Opinions of Pls.' Use-of-Force

12  Expert 21:21-22:8, ECF No. 170.)

13      "Rule 26 of the Federal Rules of Civil Procedure requires the

14  parties to disclose the identities of each expert and, for retained

15  experts, requires that the disclosure includes the experts' written

16  reports." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817,

17  827 (9th Cir. 2011) (citing Fed. R. Civ. P. 26(a)(2)). Such reports must

18  contain, in part: "(i) a complete statement of all opinions the witness

19  will express and the basis and reasons for them; (ii) the facts or data

20  considered by the witness in forming them; [and] (iii) any exhibits that

21  will be used to summarize or support them . . . ." Fed. R. Civ. P.

22  26(a)(2)(B).

23      "Rule 37(c)(1) gives teeth to these requirements by forbidding

24  the use at trial of any information required to be disclosed by Rule

25  26(a) that is not properly disclosed." Hoffman v. Constr. Protective

26  Servs., Inc., 541 F.3d 1175, 1179 (9th Cir. 2008) (internal quotation

27  marks omitted). "Under Rule 37, exclusion of evidence not disclosed is

28

appropriate unless the failure to disclose was substantially justified or harmless." Id.

Although Mr. Orsay's expert disclosure did not identify the trial transcripts as a basis for his opinions, Plaintiffs have shown that said omission is harmless since Mr. Orsay was questioned about and produced the transcripts during his deposition. Further, Defendants have not argued any prejudice from Mr. Orsay's late disclosure of the trial transcripts as a basis for his opinions.

For the stated reasons, this motion is denied.

Dated:  February 22, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge