IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. HUNTER, D.V.M.; and HOWARD ELEY, <br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF SACRAMENTO; SHERIFF SCOTT JONES, in his official capacity,<br><br>        Defendants.<br>_____ | 2:06-cv-00457-GEB-EFB<br><br>ORDER DENYING MOTIONS FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL |

      Defendants move post-verdict for judgment as a matter of law under Federal Rule of Civil Procedure ("Rule") 50(b) and for a new trial under Rule 59, arguing that "there was insufficient evidence to support the [jury's] verdict." (Defs.' Mot. for J. as a Matter of Law, ("Defs.' Mot."), ECF No. 191, 1:25.) Defendants' motions are based almost entirely on the trial proceedings, but Defendants fail to provide a transcript of the trial proceedings or citations to the specific portions of the proceedings on which their motions are premised. Plaintiffs oppose the motions and also fail to supply the trial record or specific citations to the record.

**I. TRIAL TRANSCRIPT**

      Decision on a post-verdict motion for judgment as a matter of law requires "review [of] the record as a whole." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000); accord Cent. Office

Tel., Inc. v. Am. Tel. & Tel. Co., 108 F.3d 981, 993 (9th Cir. 1997) (stating "that a trial judge must consider all the evidence submitted in ruling on a motion for judgment as a matter of law"), rev'd on other grounds, 524 U.S. 214 (1998); Bank of the W. v. Valley Nat'l Bank of Ariz., 41 F.3d 471, 477 (9th Cir. 1994) (mandating review of "the evidence as a whole"). Likewise, adjudication of a motion for a new trial requires consideration of "the entire evidence." Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1087 (9th Cir. 2009) (Smith, J., concurring) (quoting Landes Constr. Co., Inc. v. Royal Bank of Can., 833 F.2d 1365, 1372 (9th Cir. 1987)); see also Skydive Ariz., Inc. v. Quattrocchi, 673 F.3d 1105, 1113 (9th Cir. 2012) (employing the "clear weight of the evidence" standard, which presupposes examination of all the evidence).

The Local Rules governing Rule 50(b) and Rule 59 motions similarly require that these motions be grounded in the trial record. These rules prescribe that parties "shall" supply "specific references" to the "particulars" of any evidentiary insufficiency. E.D. Cal. R. 291.1 (setting out this standard for Rule 50(b) motions); E.D. Cal. R. 291.2 (listing these requirements for Rule 59 motions). The Federal Rules of Appellate Procedure likewise demand that insufficiency of the evidence appeals "must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. Proc. 10(b)(2). Failure to comply with this requirement is grounds for summary dismissal, irrespective of other considerations such as a party's penury. E.g., Syncom Capital Corp. v. Wade, 924 F.2d 167, 168 (9th Cir. 1991) (per curiam) (dismissing petitioner's insufficiency of the evidence appeal "because he failed to provide us with a transcript" and faulting petitioner for the same); Thomas v. Computax Corp., 631 F.2d

139, 142–43 (9th Cir. 1980) (rejecting petitioner's argument that she was excused from supplying a transcript because of inability to pay).

Defendants' Rule 50(b) and Rule 59 motions demand that the court consider the sufficiency and weight of evidence that Defendants inexplicably fail to supply. See McClure ex rel. Cotton v. City of Eureka, Cal., 860 F. Supp. 2d 999, 1008 n.3 (N.D. Cal. 2012) (railing against defendants for "inexplicably fail[ing]" to do the same). Without a record of the trial, which took place months ago, the Court is left "to fumble through its own notes of the trial for possible support for the various factual issues in dispute." City Solutions, Inc. v. Clear Channel Commc'ns, Inc., 242 F. Supp. 2d 720, 723 (N.D. Cal. 2003), rev'd in part on other grounds, 365 F.3d 835 (9th Cir. 2004). Further, since "[n]o trial transcript has been provided," the Court can neither perform the type of comprehensive review mandated by the motions nor confidently "determine[] which position is correct." Ruff v. Cnty. of Kings, 75 Fed. R. Serv. 3d 211, 2009 WL 4572779, at *5 (E.D. Cal. 2009).

Notwithstanding these deficiencies, the pending motions are considered, as they must be, and the following order issues in light of the applicable standards, and the arguments, testimony, and evidentiary exhibits at trial. Oritz v. Jordan, 131 S. Ct. 884, 889 (2011).

## II. LEGAL STANDARD

A jury's verdict must be upheld under Rule 50(b) unless "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006); see Harper v. City of L.A., 533 F.3d 1010, 1023 (9th Cir. 2008) (limiting Rule 50(b) judgments to cases in which "the *only* conclusion that a reasonable jury could draw" is contrary to the jury's verdict); see also Settlegoode v. Portland Pub. Schs., 371 F.3d

503, 512 & n.6 (9th Cir. 2004) (describing Rule 50 as a "demanding" standard that poses "a very high hurdle"). Thus in evaluating a Rule 50(b) motion, the trial judge's role is strictly "limited." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001). The court must "'accept the jury's credibility findings consistent with the verdict,'" and view the evidence and "all inferences in the light most favorable to the nonmoving party." Winarto v. Toshiba Am. Elecs. Components, Inc., 274 F.3d 1276, 1283 (9th Cir. 2001) (quoting Bilbrey ex rel. Bilbrey v. Brown, 738 F.2d 1462, 1468 n.8 (9th Cir. 1984)). "The court 'may not substitute its view of the evidence for that of the jury.'" Id. (quoting Johnson, 251 F.3d at 1227).

Under Rule 59, a trial court may grant a new trial "if the jury verdict is contrary to the clear weight of the evidence." DSPT Int'l, Inc. v. Nahum, 624 F.3d 1213, 1218 (9th Cir. 2010). However, "'a stringent standard applies when the motion is based on insufficiency of the evidence.'" Johnson, 251 F.3d at 1229 (quoting Venegas v. Wagner, 831 F.2d 1514, 1519 (9th Cir. 1987)). "'A motion for a new trial may be granted on this ground only if the verdict is against the great weight of the evidence or it is quite clear that the jury has reached a seriously erroneous result.'" Id. (quoting Venegas, 831 F.2d at 1519); see also Landes Constr. Co., Inc., 833 F.2d at 1372 ("Doubts about the correctness of the verdict are not sufficient grounds for a new trial: the trial court must have a firm conviction that the jury has made a mistake."). "[A] district court may not grant a new trial simply because it would have arrived at a different verdict." Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001). Further, decision on a Rule 59 motion rests with the sound discretion of the district court. Kode v. Carlson, 596 F.3d 608, 612 (9th Cir. 2010).

When "the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is 'virtually unassailable.'" Id. (quoting Desrosiers v. Flight Int'l of Fla., Inc., 156 F.3d 952, 957 (9th Cir. 1998)).

### III. DISCUSSION

The gravamen of Defendants' motions is that "there was insufficient evidence to support the verdict" for Plaintiffs since much of Plaintiffs' evidence "suffers from . . . problems" and their remaining evidence is too infrequent to "show practices that are 'permanent' or 'widespread.'" (Defs.' Mot. 1:25, 3:21, 3:28.) Plaintiffs rejoin that their evidence established Defendants' widespread and routine practice or custom "of using excessive force" and "fail[ing] to follow [their] own written 'Use of Force'" procedures. (Pls.' Opp'n to Mot. for J. as a Matter of Law ("Pls.' Opp'n"), ECF No. 201, 8:13–16.)

Defendants attempt to distinguish and discount Plaintiffs' evidence of incidents of excessive force, arguing that multiple incidents on which Plaintiffs rely are "distinct" or not actually evidence of excessive force. (Defs.' Mot. 4:20.) Specifically, Defendants argue that (1) the testimony of a witness named Chase, "who was incarcerated in the Main Jail for approximately 20 days in 2005," involves deputies' "reactions to exigent circumstances, not random use[s] of improper force," (Defs.' Mot. 3:6–7, 3:18–19); (2) the "video evidence . . . show[s] deputies reacting to non-cooperative inmates as opposed to merely meting out punishment," (id. 3:21–22); (3) Deputy Swoles's actions were "distinct," because they were "motivated by comments made by Eley" and subject to subsequent reprimand, (id. 4:20, 4:3); and (4) Orsay's expert witness testimony is "insufficient" since

5

Orsay "never worked as a correctional officer" or "supervis[ed correctional officers] in the setting of a facility similar to the Sacramento Main [J]ail." (Id. 4:26; Defs.' Reply 4:1–3.) However, under Rule 50(b), a trial court may not "disregard," "discount," or "discredit" the nonmovant's evidence. Reeves, 530 U.S. at 152. Rather, the court must "draw all reasonable inferences in [the nonmovant's] *favor*." Josephs, 443 F.3d at 1062 (emphasis added); Winarto, 274 F.3d at 1283. Therefore, Defendants improperly request the court to draw inferences *against* Plaintiffs that "the jury [wa]s not required to believe." Id. Accordingly, this portion of Defendants' Rule 50(b) motion is denied.

In their motions under Rule 50(b) and Rule 59, Defendants also contend that Plaintiffs' evidence is too limited to show practices or customs that are sufficiently "'permanent' or 'widespread'" to sustain Monell liability. (Defs.' Mot. 3:28.) Liability under Monell requires a showing that Defendants "'had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [each Plaintiff] suffered.'" Hernandez ex rel. AE v. Cnty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quoting Whitaker v. Garcetti, 486 F.3d 572, 581 (9th Cir. 2007)). A "practice" or "custom" involves "'persistent and widespread'" conduct that amounts to more than just "isolated or sporadic incidents." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978)). "Relatively few decisions" analyze the "legal, factual, and evidentiary" requisites for custom or practice liability. Martin A. Schwartz & Kathryn R. Urbonya, Fed. Judicial Ctr., Section 1983 Litigation 111 (2d ed. 2008). Further, the line between "isolated or sporadic incidents" and "persistent and widespread" conduct is not

clearly delineated. Compare Davis v. City of Ellensburg, 869 F.2d 1230, 1233-34 (9th Cir. 1989) (ruling a single incident of excessive force inadequate to prove liability), and Meehan v. Cnty. of L.A., 856 F.2d 102, 107 (9th Cir. 1988) (finding two incidents insufficient), with Wallis v. Spencer, 202 F.3d 1126, 1143 & n.15 (9th Cir. 1999) (finding "genuine issue . . . as to the existence of a municipal custom or practice" based on a detective's single act and her testimony that she performed that act as part of her job description), Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1142 (9th Cir. 2001) (identifying "clear" county custom and practice based on county's failure to provide one requested accommodation and county judge's statement that the accommodation was not available from the county), and Menotti v. City of Seattle, 409 F.3d 1113, 1147—48 (9th Cir. 2005) (holding triable issue of fact existed as to municipal liability based on the testimony of five individuals and the testimony of the officer in charge). See generally Sanchez v. City of Fresno, 914 F. Supp. 2d 1079, 1096 (E.D. Cal. 2012) (acknowledging that the requirements for custom or practice liability are "not clearly delineated").

Nonetheless, the Ninth Circuit has "long recognized" that a custom or practice need not be proven with direct evidence of "persistent and widespread" acts. Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011) (describing this as "far from a complete" definition of Monell customs or practices). Instead, indirect evidence—such as statements by county employees about county practices—may support custom or practice determinations. See, e.g., Duvall, 260 F.3d at 1142; Wallis, 202 F.3d at 1143. Likewise, a county custom or practice may be inferred from evidence of repeated, but unreprimanded, constitutional violations. See McRorie v. Shimoda, 795

1  F.2d 780, 784 (9th Cir. 1986) ("Policy or custom may be inferred if,
2  after [a prison incident], the prison officials took no steps to
3  reprimand or discharge the guards [involved], or if they otherwise
4  failed to admit the guards' conduct was in error."); see also Hunter,
5  652 F.3d at 1233 (holding Defendants' practice or custom may be
6  "'inferred from . . . evidence of repeated constitutional violations for
7  which the errant municipal officers were not discharged or
8  reprimanded'") (quoting Nadell v. Las Vegas Metro. Police Dep't, 268
9  F.3d 924, 929 (9th Cir. 2001), abrogated on other grounds as recognized
10 in Beck v. City of Upland, 527 F.3d 853, 862 n.8 (9th Cir. 2008)).

11       Defendants argue that "[t]he totality of the
12 evidence . . . [involves] the three incidents shown on video" concerning
13 three arrestees, testimony by "Mr. Chase . . . [regarding] two specific
14 events," "reference by [P]laintiff[s'] expert to an incident involving
15 a [d]eputy . . . who struck an inmate on the back of the head," and the
16 "incidents involving [P]laintiffs." (Defs.' Mot. 3:4–10).

17       However, drawing all inferences in favor of Plaintiffs, and
18 accepting the jury's credibility findings consistent with the verdict,
19 it cannot be said that the "*only*" reasonable verdict is contrary to the
20 jury's verdict. Harper, 533 F.3d at 1023. Nor, weighing the evidence
21 under the applicable "'*great* weight of the evidence . . . or *seriously*
22 erroneous'" standard, is it "'quite clear that the jury has reached a
23 seriously erroneous result.'" Johnson, 251 F.3d at 1229 (quoting
24 Venegas, 831 F.2d at 1519). Neither Rule 59's "stringent standard," id.,
25 nor Rule 50's "demanding . . . standard" has been met. Settlegoode, 371
26 F.3d at 512 n.6.
27 ///
28 ///

**IV. CONCLUSION**

Therefore, Defendants' post-verdict motion for judgment as a matter of law is DENIED, and Defendants' alternative motion for a new trial is also DENIED.

Dated: July 30, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge