IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. HUNTER, D.V.M.; and  )
HOWARD ELEY,                   )   2:06-cv-00457-GEB-EFB
                               )
            Plaintiffs,        )
                               )   ORDER DENYING PLAINTIFFS'
       v.                      )   MOTION TO AMEND JUDGMENT[*]
                               )
COUNTY OF SACRAMENTO; SHERIFF  )
SCOTT JONES, in his official   )
capacity,                      )
                               )
            Defendants.        )
_____)

Plaintiffs seek to amend the judgment under Federal Rule of Civil Procedure section 59(e) "to include Findings of Fact and Conclusions of Law, and a Permanent Injunction." (Pls.' Mot. to Amend J. 1:25-27, ECF No. 194.) Plaintiffs argue: "they proved that police wrongdoing was part of a 'policy, plan, or a pervasive pattern' of police excessive force; thus, this Court may issue an appropriate injunction to prevent the misconduct from continuing." (Id. at 7:10-12.)

Defendants rejoin, *inter alia*, that "[P]laintiffs do not have standing to seek injunctive relief." (Defs.' Opp'n 4:3, ECF No. 205.) Defendants argue: "None of the numerous cases cited by [P]laintiffs stand for the proposition that two [individuals], neither of whom is in the custody of the County, or are likely to be in the future, have

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

standing to seek non class injunctive relief as to the County's jail operations." (Id. 3:22-25.)

Plaintiffs reply that "[a] number of doctrines have developed . . . to permit courts to review a case in which it is no longer possible to remedy the particular grievance giving rise to the litigation." (Pls.' Reply 4:23-25, ECF No. 207.) In particular, Plaintiffs argue the "capable of repetition, yet evading review" doctrine applies to this case. (Id. 4:26-28.) Plaintiffs argue: "[i]t was impossible for Mr. Hunter to have brought the challenge to [Defendants'] excessive force policy . . . before . . . Mr. Hunter['s] very brief initial incarceration was completed." (Id. 5:12-15.)

"To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of [the injury].'" Melendres v. Arpaio, 695 F.3d 990, 997 (9th Cir. 2012) (quoting City of L.A. v. Lyons, 461 U.S. 95, 109 (1983)). "This threat must be 'real and immediate,' rather than merely 'conjectural' or 'hypothetical.'" Marable v. Nitchman, 262 F. App'x 17, 22 (9th Cir. 2007) (quoting Lyons, 461 U.S. at 103). "Past wrongs may bear on whether there is a threat of repeated injury, but they do not, in themselves, demonstrate a present case absent 'continuing, present adverse effects.'" Id. (citation omitted) (quoting Lyons, 461 U.S. at 102).

"The burden of establishing standing[,] as well as an entitlement to equitable relief[,] lies squarely with the plaintiffs . . . ." Stevens v. Harper, 213 F.R.D. 358, 367 (E.D. Cal. 2002) (citing San Diego Cnty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir. 1996)).

1      Here, neither Plaintiff was incarcerated at the Sacramento County Main Jail ("Jail") when the Complaint was filed, and neither Plaintiff has shown that "he is realistically threatened by a repetition of [the use of force at the Jail]." Lyons, 461 U.S. at 109; see also Nelson v. King Cnty., 895 F.2d 1248, 1251 (stating the plaintiff bears the burden of "showing a likelihood of recurrence"). Further, notwithstanding the jury verdict that each Plaintiff was subjected to excessive force at the jail, these findings do not "establish a real and immediate threat" that either Plaintiff "would again be" subjected to force in the Jail. Lyons, 461 U.S. at 105. In light of the factual showing in the pending motion, the likelihood of each Plaintiff being subjected to "the threat of future harm" at the Jail involves "an extended chain of . . . speculative contingencies, all of which would have to be fulfilled in order to have the threat . . . become manifest." Nelson, 895 F.2d at 1252. "[T]he Supreme Court and [the Ninth C]ircuit have repeatedly found a lack of standing where the litigant's claim relies upon a chain of speculative contingencies, particularly a chain that includes the [litigant's future] violation of . . . law." Id.; see also Melendres, 695 F.3d at 998 ("[S]tanding is not appropriate where a plaintiff can avoid injury by avoiding illegal conduct . . . ."); Eggar v. City of Livingston, 40 F.3d 312, 317 (9th Cir. 1994) (affirming district court's dismissal of the plaintiffs' equitable claims on standing grounds where it was "speculative" whether the plaintiffs would be subjected to the alleged misconduct in the future).

      Further, Plaintiffs' argument that an injunction should issue because the excessive force to which they were subjected is governed by the "capable of repetition, yet evading review" doctrine is inapplicable to this case. As the Ninth Circuit stated in Nelson: "While . . . the

standards for evaluating the threat of future harm under the standing and mootness doctrines are similar, the 'capable of repetition but evading review' doctrine is an exception only to the mootness doctrine; it is not transferable to the standing context." Nelson, 895 F.2d at 1254. "This exception governs cases in which the plaintiff possesses standing, but then loses it [during the course of litigation]." Id. "Since [Plaintiffs] did not have standing" for prospective injunctive relief when the action was commenced because neither Plaintiff was then incarcerated in the Jail and neither Plaintiff has shown a realistic threat of repeated injury, "their invocation of this exception is not warranted." Id.

For the stated reasons, Plaintiffs' motion to amend the judgment is denied.

Dated: August 8, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4